No. 729.

THE CITIZENS' STREET RAILROAD COMPANY v. SPAHR.

PLEADING.— *Sufficiency After Verdict.—Not Questioned Before.*—Where the sufficiency of a pleading is not questioned until after verdict, the same degree of strictness will not be applied to it as would be required had it been tested by demurrer.

CONTRIBUTORY NEGLIGENCE.— *General Averment.— When Sufficient.*—The general averment of freedom from contributory negligence is sufficient, unless the facts specifically stated clearly show that there was contributory negligence.

RAILROAD.— *Street Railroad.—Rules as to Boarding Car.—Motor Power.*—The rules governing the boarding of steam railway cars do not apply in all their vigor to street railways. The motor power used does not affect the rules.

EVIDENCE.— *Admission of Incompetent.— When Error Cured by Instructions.*—Where evidence elicited invades the province of the jury, such error may be cured by proper instructions to the jury.

SAME.— *Habit or Custom.—Conclusion.—Incompetent.*—It was not error to refuse to allow a witness to testify that it was not the custom, and that people were not in the habit of trying, to get on cars at the rate of speed that the car was going, such testimony being not that of a fact, but a conclusion.

NEGLIGENCE.— *Boarding Street Car.— When Negligence Per Se.*—Whether a person in boarding a moving street car is guilty of negligence must depend upon the circumstances of each particular case; and it can not be negligence *per se* unless the act be such that, under the circumstances, but one conclusion can be arrived at, that of negligence.

From the Marion Superior Court.

*H. C. Allen*, for appellant.

*W. P. Fishback*, *W. P. Kappes* and *H. Dailey*, for appellee.

GAVIN, J.—The complaint, so far as it is material to be stated, alleges, in substance, that appellant was owning and operating an electric street car line over the streets of Indianapolis; that it so conducted its said business as to require those using its cars to get on and off while the cars were in motion; that, on the 3d day of November, 1891, while appellee was waiting to take a car at a street crossing, which was a usual and proper place to enter its cars, a motor car, with trailer attached, in charge of appellant's servants, approached the crossing, and, as it approached, the appellee "notified those in charge thereof that he desired to get on said car, and ride down town;" that as the cars neared the crossing they slowed up, for the purpose, as appellee thought, and had a right to believe, of allowing plaintiff and others who were waiting, to get on the cars, and as the trailer came opposite to him, appellee started to get on the same, and would have got on very easily had it not been for defendant's conduct as hereinafter set forth; that to get on the car appellee took hold of the handle, and just then, and before he got on, or had time to get on the car, defendant negligently, suddenly, and with a violent, quick jerk greatly increased the speed of said cars without any notice or warning to him, and he was thereby jerked from his feet and thrown to the ground, and severely injured, without any fault or negligence on his part contributing thereto; that he was not notified he could not ride on said cars. Whereby he was damaged, etc.

The sufficiency of the pleading was not questioned until after verdict, and for that reason the same degree of

strictness is not to be applied to it as would be required had it been tested by demurrer. *Harris* v. *State, ex rel.*, 123 Ind. 272; *Laverty* v. *State, ex rel.*, 109 Ind. 217; Elliott's App. Proced., section 473.

Its sufficiency is questioned here on the ground that it fails to show:

1st. Any invitation, express, or implied, from appellant to appellee to become a passenger.

2d. Knowledge by appellant's agents of appellee's intention to attempt to board the car.

3d. Facts from which appellant's servants might reasonably have known of this intention.

4th. Freedom from negligence on the part of appellee.

Except as to the motive power being electricity instead of horses, the facts as found in the case of *Conner* v. *Citizens' Street Railway Co.*, 105 Ind. 62, are substantially similar to these in all essential features, and the objections of counsel are largely met by the language of the opinion in that case: "Being at the usual place where passengers were taken up, and having given notice to the person in charge of the car that he desired to be taken up, it was the plain duty of the driver, or person in charge, either to afford him reasonable opportunity to enter the car, or to notify the plaintiff, either by continuing the rapid pace, or in some other way, that he would not be taken. Instead of giving any sign that he would not be taken, the speed of the car was slackened, so that it was moving slowly when he attempted to get on. Having received a signal and slowed up in a manner to invite the plaintiff to get on, it was a clear act of negligence in the driver, or person in charge, not to observe the plaintiff, if he did not observe him, and, while he was getting on the car, in a manner in which the defendant usually received such passengers, to cause the car to be 'jerked' forward, as the jury found."

Appellant insists that the facts show that appellee was negligent, because the car was in motion when he boarded it, and it does not appear how slow it was going, nor, in so many words, that it was safe to make the attempt. Without discussing what might be the effect of the lack of such allegations in the absence of the general averment of want of negligence upon the part of appellee, it is sufficient to say that there is nothing in the facts alleged which would overthrow the express allegation of want of negligence.

"It has, however, long been the rule in this court, that unless the facts specifically stated clearly show that there was contributory negligence, the general averment will rescue the complaint from its assailant." *Evansville, etc., R. R. Co.* v. *Crisl,* 116 Ind. 446; *Cincinnati, etc., R. W. Co.* v. *Darling,* 130 Ind. 376.

Counsel seeks to control the case in hand by the rules applicable to dealings with ordinary railway trains.

It was held, in the Conner case, *supra,* that the rules applicable to boarding steam railway trains do not apply in all their vigor to getting on street cars while in motion, and this position is abundantly supported by authority. Beach on Cont. Neg., sections 290 and 291; Patterson's Railway Acc. Law, p. 290; Booth on Street Railway Law, section 336.

It is urged that here a different rule governs, because the motive power is different, being electricity instead of horse power. No authority is cited to sustain the distinction, nor are we able to see any ground for any material difference in the rules of law to be applied, since the objects and general methods and purposes of the street railway remain the same, whatever be the motive power.

In *Chicago City R. R. Co.* v. *Robinson* (Ill.), 36 Am. and Eng. R. R. Cases, 66, the court, in considering a

question of negligence in a footman's failing to look,
held that the same rule (more liberal than in the case of
railway trains) governed, whether the cars were horse
cars or cable cars.

In *Highland Ave., etc., R. R. Co.* v. *Burt,* 92 Ala.
291, it is decided that the rules and conditions governing
street cars run by a dummy engine are not those which
govern ordinary railway trains.

In *Corlin* v. *West-End Street R. W. Co.,* 27 N. E.
Rep. (Mass.) 1000, this very question comes up as to
electric cars, and the court said:   "We see no reason for
applying to it (the electric street car) a rule of law which
is not applicable to horse cars."

The complaint, we think, is therefore good after verdict
at least, and this is all we are called upon to determine.

Several causes of error are presented under the motion
for a new trial.

Appellee's counsel were permitted to ask him if he
"could have gotten on the car safely if its speed had not
been increased?"

In order to meet this evidence, appellant offered to
prove, by a conductor who saw the transaction, that it
would not have been safe for a man to attempt to get on
that car at the rate of speed it was going.

It is insisted that the first question was erroneously
permitted, and that it was added error to refuse appel-
lant the right to defend by similar evidence.

Whatever error there was in permitting the first ques-
tion was cured by the court's instruction by which any
such evidence was withdrawn from the jury, and they
were instructed to disregard it, they being told that it
was not for the witnesses but for the jury to determine
what might be safely done under the circumstances. This
seems to be sufficiently specific without naming the par-

ticular witness.    Elliott's App. Proced., section 701; *Taylor* v. *Wootan, by Next Friend,* 1 Ind. App. 188.

We do not think that the jury could have mistaken the meaning of the court, although the instruction may be, in part, not accurately worded.

Complaint is made on account of the court's overruling an objection to a question asked of D. A. Haywood.

So far as the answer to this question was responsive to the question, it was favorable to the appellant, and if the remainder of the answer which was not responsive to the question was not satisfactory, there should have been a motion to strike it out.

There was no error in refusing to allow appellant to prove that it "was not the custom, and people were not in the habit of trying to get on cars at the rate of speed that car was going." To answer this question involved a comparison in the mind of the witness of the relative speed of cars on different occasions, and it called not for a fact, but for a conclusion. The jury were entitled to the facts, leaving them to determine whether the speed on the different occasions was the same.

If counsel is right in his view of the first instruction given by the court, wherein the court undertakes to construe and state the requirements of the complaint, no error of which appellant can complain was committed in giving it instead of the one asked by appellant, because the court thereby imposed upon the appellee a greater burden than his complaint required.

There is no assumption in the third charge which affects its correctness.

It is earnestly contended that the court erred in refusing to charge the jury as requested by appellant, that "if you find from the evidence that the plaintiff attempted to get on defendant's car at the time of the alleged injury while the car was moving at the rate of

eight miles an hour or more, the plaintiff was thereby guilty of negligence, and your verdict should be for the defendant.''

This instruction is based upon the assumption that it was the duty of the court to declare, as a matter of law, that the act of appellee was, in itself, by reason of the cars moving at this rate, such negligence as forbade a recovery.

In *Evans* v. *Adams Express Co.*, 122 Ind. 362 (365), relied upon to sustain this position, this rule is declared: ''When the facts assumed present a case in which the standard of duty is fixed and certain, or where the measure of duty as defined by law is the same under all circumstances, to omit the duty is negligence, and may be so declared by the court; or when, upon a given hypothesis, negligence is so clearly defined and palpable as to constitute negligence under all circumstances, it is the duty of the court to declare that if the facts assumed are found from the evidence, the conclusion of negligence follows as matter of law.''

In the *City of Franklin* v. *Harter*, 127 Ind. 448, the Supreme Court stated the rule quite fully, and we quote from it: ''As the question in cases where a municipal corporation is sought to be held liable for injuries caused by a defect in a street is one of negligence, it is seldom that the court can determine the question as one of law, for in by far the greater number of cases the question is a complex one, in which matters of law blend with matters of fact. In all such cases the duty of the court is to instruct the jury as to the law, and that of the jury is to determine whether, under the law as declared by the court, there is actually negligence. Nor does this general rule fail in all cases where the facts are undisputed, since the rule has long been settled in this State that where an inference of negligence may or may not be

reasonably drawn from admitted facts, the case is ordinarily for the jury under proper instructions, but where only one inference can be reasonably drawn from the facts the question of negligence or no negligence may be determined by the court, as one of pure law. The rule, as we have outlined it, is the law of this State and must be so accepted, notwithstanding expressions occasionally found in some of the cases which seem to indicate a different doctrine. It would overthrow a long line of cases to deny the rule, and it would also lead to the subversion of sound and salutary principles. In the old as well as in the recent cases the doctrine we here declare has been strongly and explicitly asserted, and to that doctrine we give an unwavering and unhesitating adherence, disapproving all statements which seem to deny its soundness.''

This doctrine, that while there is a class of cases in which the court will adjudge negligence as a matter of law, there is another class where the question is to be submitted to the jury under proper instructions, is sustained by *Baltimore, etc., R. R. Co.* v. *Walborn, Admr.*, 127 Ind. 142, where there is an elaborate opinion with abundant authorities by COFFEY, J., and also by *Rogers* v. *Leyden*, 127 Ind. 50: *Mann* v. *Belt R. R. Co.*, 128 Ind. 138; *Shover* v. *Pennsylvania Co.*, 130 Ind. 170; *Cleveland, etc., R. W. Co.* v. *Harrington*, 30 N. E. Rep. 37 (131 Ind. 426); *Farrell* v. *Waterbury Horse R. Co.*, 46 Am. and Eng. R. R. Cases (Conn.), 207.

Thus it is apparent that the court can not determine, as a matter of law, that it is negligence to board a street car moving at the rate of eight miles an hour, unless there be some definite or fixed standard by which this act can be measured, or unless this act is such an one as that it reasonably permits but the one conclusion of negligence.

We know of no fixed or definite standard by which we may determine the exact rate at which street cars may be safely boarded. *Cleveland, etc., R. W. Co.* v. *Harrington, supra.*

None of the cases to which we have been .cited by counsel support the proposition that it is negligence *per se* to board a moving street car, while the opposite doctrine is asserted by numerous authorities.

"It is not necessarily contributory negligence to * * get on or off a moving car (street car)." Patterson's Railway Acc. Law, p. 291.

"It is well settled that it is not contributory negligence *in se* for one to alight from or board a moving street car." Beach on Cont. Neg., section 291.

"Whether a party jumping or stepping from a moving car is guilty of negligence must, it is manifest, depend upon other circumstances than the speed of the cars, and these circumstances are so variant that general rules only can be stated." *Weber* v. *Kansas City Cable R. W. Co.,* 100 Mo. 194. *Vide,* also, *McDonough* v. *Metropolitan R. R. Co.,* 137 Mass. 210; *Briggs* v. *Union Street R. W. Co.,* 148 Mass. 72; *Rathbone* v. *Union R. R. Co.,* 13 R. I. 709; *Corlin* v. *West-End St. R. W. Co., supra.*

This last case is an electric railway case, and very similar to the case at bar in its details.

In this case there is evidence tending to prove that it was the custom of appellant's servants to require men to board their cars while in motion; that appellee gave to the men in charge notice of his desire to get on; that the speed of the car was slackened to one-half or one-third its previous speed, as fixed by some witnesses; that just before appellee started to get on, the car appeared to be going only four miles per hour; that the employes saw appellee, and had reason to know he intended to get on; that he thought the car was slackened to permit him to

get on, and that he would have succeeded, had it not been for the misconduct of appellant in giving the sudden jerk to the car.

Without enumerating the evidence further, it seems to us that, with these facts existing in the case, this court can not say, as a matter of law merely, from the speed of the car, that appellee's act was necessarily negligence which contributed to his injury. The question of negligence was, therefore, properly left to the jury, to be by it determined not upon one fact alone, but under all the facts and circumstances of the case.

While there is in the evidence the sharpest conflict upon the material points, there is evidence to sustain all the material allegations of the complaint.

The judgment is affirmed.

Filed Feb. 28, 1893; petition for a rehearing overruled June 20, 1893.