Filed February 19, 1896.

———

No. 1,634.

CITIZENS' STREET RAILWAY COMPANY *v.* ABRIGHT.

APPELLATE PROCEDURE.—*Instruction.*—Failure of an instruction to include a proposition which might properly be connected therewith is not reversible error, where no request therefor is made.

PLEADING.—*Complaint.—Contributory Negligence.—General Averment.*—A general averment of freedom from contributory negligence is sufficient as against a demurrer, unless the facts specifically set forth show negligence.

SAME.—*Complaint.—Street Railroad.—Speed of Car.*—A complaint alleging that defendant's street railway car was run at an excessive

rate of speed, and that no care or diligence was exercised by defendant, sufficiently alleges a failure to give notice of the car's approach.

STREET RAILROAD.—*Contributory Negligence.*—*Crossing Track.*— *Failure to Look and Listen.*—Failure to listen before attempting to cross a street railway track, even if negligence, is not as a matter of law such contributory negligence as will prevent a recovery for injury caused by a collision with a car, unless such failure materially contributed to the accident.

CONTRIBUTORY NEGLIGENCE.—*Law and Fact.*—Contributory negligence is a question of law only when the facts are undisputed and but one inference may be reasonably drawn therefrom.

BILL OF EXCEPTIONS.—*Time of Filing.*—A bill of exceptions filed February 26th is one day too late, where sixty days were allowed to file such bill from the overruling of a motion for a new trial on December 27, 1894, preceding.

(See note at end of opinion.)

From the Hendricks Circuit Court.

*Mason & Latta,* for appellant.

*H. C. Allen,* for appellee.

GAVIN, J.—Appellee sued appellant for negligently running its cars against his horse and wagon.

It is settled law in Indiana, that the general averments of negligence in doing an act and freedom from contributory negligence. are sufficient as against a demurrer, unless the facts specifically set forth show them untrue. It is not requisite that the complaint should aver the particular acts constituting the proper care exercised by plaintiff. *Ohio, etc., R. W. Co.* v. *Craycraft,* 5 Ind. App. 335; *Hindman* v. *Timme,* 8 Ind. App. 416; *Louisville, etc., R. W. Co.* v. *Berkey,* 136 Ind. 181.

Under these authorities, and especially under the recent case of *Citizens' Street R. W. Co.* v. *Lowe,* 12 Ind. App. 47, the complaint is unquestionably good, nor can the negligence charged be deemed limited to the excessive speed of the car.

Where an instruction fairly states the law as far as it goes, but additional propositions might appropriately

be added to and connected with it, the instruction is not bad for the want of these additions. As to them, it behooves the party desiring them, to save his rights by presenting a proper instruction embodying them. *Hindman* v. *Timme, supra; Keller* v. *Reynolds*, 12 Ind. App. 383; Elliott App. Proced., sections 647, 736.

Counsel earnestly insist that the court erred in refusing to instruct the jury that the presumption was that the collision occurred from appellee's own negligence, because so many people cross tracks in safety. Whatever of appellant's legal rights were embodied in these instructions asked were fully covered by the court's requiring appellee to prove not only that appellant's negligence caused the injury, but that his own did not contribute thereto. The presumption asserted by appellant could go no further than impose upon the appellee the burden of establishing by the evidence his freedom from contributory negligence, and this burden rested upon him under the instructions given.

The twelfth instruction we do not find liable to the objections made. The failure to give notice of the car's approach was fairly within the issues as formed by the general averments of the complaint, which not only alleged an excessive rate of speed, but that no care or diligence was exercised by appellant. *Benjamin* v. *Holyoke St. R. W. Co.* (Mass.), 35 N. E. Rep. 95.

Appellant's eighth instruction was rightly refused, if for no other reason, because it says under certain conditions the motorman was not required to check his speed. If, as there was some evidence to prove, he was running the car at twenty miles an hour, he was required to check its speed. The court gave all to which the appellant was entitled.

The ninth and tenth fall with the eighth, of which they are intended to be logical sequences. They dis-

regard entirely the excessive rate of speed, and lay down a rule in any event, only applicable where the car was running at a reasonable speed.

The principal feature of appellant's fourteenth instruction is, that it proceeds upon the hypothesis that appellee did not listen for the cars at any time or place.

Granting that this constituted negligence upon appellee's part, it does not follow that it was contributory negligence, unless by listening he could have heard. That he could have heard is not embodied in the instruction. We cannot assume as a matter of law that by listening he would have heard the approaching car in time to have avoided the accident, in the absence of any warning given by the motorman, and especially in view of the fact that the noise arising merely from the running of the car would be confused with that of the car just passing from the opposite direction.

The negligence which prevents a recovery is that only which materially contributes to the accident.

There is evidence that appellee, in his buggy or light wagon, was driving north on the east side of Illinois street; that there is a jog of about 127 feet between where East Sixteenth street enters Illinois, and where West Sixteenth street leaves it, the latter being that far north of the former. At East Sixteenth street, appellee concluded he would leave Illinois and go west on Sixteenth street, and for this purpose determined and started to cross the appellant's double tracks. Just then he looked south for two and a half blocks or a quarter of a mile (the blocks being unusually long), and saw no car; he also looked north and saw about a block away a south bound car, which sounded its gong as it approached. At sight of this, instead of crossing, he continued north, driving slowly or in a walk along the east side of the street, but not on the car tracks, until

the south bound car had passed him. Very shortly after it passed and when he was about opposite West Sixteenth street, he turned his horse to cross the track diagonally, and looked to the south again when he saw a north bound car approaching at a rate of twenty miles per hour, it being then as variously stated from 15 to 100 feet away. He instantly turned his horse back from the track, but the car came on and caught one wheel of the wagon, thereby throwing him out and injuring him. He did not hear the approaching car. No gong or alarm was sounded. The motorman says he was only running eight or ten miles per hour; that the appellee was driving north at a safe distance (about six feet) from the track until the car was within twenty or thirty feet of him when he turned into the track and the car caught his horse and the running board the front wheel. He also says he was sounding the gong all the time from before reaching East Sixteenth street, because he did not know but that the man might turn onto the track, and made every effort to stop when appellee did turn on. At full speed he could stop the car within fifty feet, and at eight or ten miles per hour, within fifteen feet.

The motorman, it is true, says he saw no signs of appellee's going upon the track in front of him, until very close to him, yet the prospect of a collision was so imminent that a stranger at the East Sixteenth street crossing hailed the motorman as he passed, and told him to ''look out for God's sake, he would run over a man.'' This witness Morris also testifies that appellee was then turning onto the track.

Taking the evidence all in all, the question of contributory negligence was properly submitted to the jury. It is only when the facts are undisputed, and but one inference may be reasonably drawn therefrom, that the

court is authorized to adjudge negligence or the want of it as a matter of law. *Citizens' Street R. W. Co.* v. *Spahr*, 7 Ind. App. 23; *Cleveland, etc., R. W. Co.* v. *Grames*, 136 Ind. 39.

Counsel urge that we should apply to the consideration of appellee's duty the same strict rules which govern in cases of ordinary railroad crossing collisions, and cite authority to sustain their position. Such, however, is not the rule in Indiana, nor does it have the support of the weight of authority. *Muncie St. R. W. Co.* v. *Maynard*, 5 Ind. App. 372; *Citizens' St. R. W. Co.* v. *Spahr, supra; Hicks* v. *Citizens' St. R. W. Co.*, (Mo.), 27 S. W. Rep. 542 (25 L. R. A. 508); *Newark Pass. R. W. Co.* v. *Block* (N. J.), 27 At. Rep. 1067 (22 L. R. A. 374); *Springfield City R. W. Co.* v. *Clark*, 51 Ill. App. 626; *Shea* v. *St. Paul City R. W. Co.*, (Minn.), 52 N. W. Rep. 902; *Holmgren* v. *St. Paul City R. W. Co.* (Minn.), 63 N. W. Rep. 270; Beach on Cont. Neg., section 290.

Judgment affirmed.

Filed November 26, 1895.

### PETITION FOR REHEARING OVERRULED.

GAVIN, C. J.—While the tone of appellant's brief in support of its petition is not to be commended, we have given to the arguments advanced due consideration, and are still satisfied that the law as set forth in the original opinion is not in conflict, but in harmony with the enunciations of the Supreme Court; that no harm has resulted to appellant is made absolutely certain by one fact which we did not in the former opinion deem it necessary to state, and that is, that the record brought to this court is not in shape to enable it to obtain any benefit from the numerous errors which counsel insist occurred in the

course of the trial.   It appears from the bill of exceptions that the motion for new trial was overruled December 27, 1894, and sixty days were allowed to file a bill of exceptions.   It also appears in the bill which was filed February 26, 1895, that it was presented to the judge, and signed on February 26, 1895, which was one day too late.   The evidence, therefore, is not in the record.

There is a long line of cases deciding that where the bill is not filed within the time allowed, it must be made to appear in the bill itself that it was presented within the time.   *Buchart* v. *Burger*, 115 Ind. 123 ; *Hormann* v. *Hartmetz*, 128 Ind. 353 ; *Cornell* v. *Hollette*, 140 Ind. 634 ; *Plotz* v. *Friend*, 5 Ind. App. 146 ; *Miller* v. *Blue*, 11 Ind. App. 288 ; *Davis* v. *Nat'l Forge and Iron Co.*, 143 Ind. 142.

By this bill just the contrary is shown.

Petition overruled.

Filed February 20, 1896.

NOTE—The authorities as to the injuries by street car collisions with vehicles or horses are found in a note to *Hicks* v. *Citizens' R. W. Co.*, (Mo.) 25 L. R. A. 580.