## McAfee *v.* Montgomery, Administrator.

[No. 2,521.    Filed November 23, 1898.]

DECEDENTS' ESTATES.—*Executor De Son Tort.—Complaint.*— An action will not lie against one as executor *de son tort* where no facts are averred showing him to be an intermeddler in any way in the estate of decedent.  *pp. 197, 198.*

VERDICT.—*Action for Possession of Notes.*—In an action by an administrator for the possession of certain promissory notes in the possession of defendant alleged to belong to decedent, a general verdict for the plaintiff is a sufficient finding of that fact.  *pp. 198, 199.*

EVIDENCE.—*Preponderance.*—The Appellate Court will not determine the preponderance of conflicting evidence.  *p. 200.*

SAME.—*Assessment Lists.*—Assessment lists are not competent evidence to prove values of property, but may be admitted in evidence in an action for the possession of promissory notes for the purpose of determining what particular personal property the parties had, where the ownership of the notes was in question.  *pp. 200, 201.*

SAME.—*Witnesses.—Impeachment.*—No error was committed in permitting plaintiff to introduce evidence as to statements made by defendant out of court in contradiction of a statement made by him as plaintiff's witness in answer to a question on cross-examination by his own attorney.  *pp. 201, 202.*

INSTRUCTIONS.—*Ownership of Property.*—In an action by an administrator for the possession of certain promissory notes alleged to be the property of decedent, an instruction that if it was shown by the evidence that decedent was at one time in possession of the notes, claiming them as her own, under circumstances indicating ownership in her, the presumption of ownership would follow until it was shown by the evidence that she was not the owner at such

time, or at some time had parted with the ownership thereof, is not erroneous, where there was evidence on which to base the instruction.  *p. 202.*

INSTRUCTIONS.—*Incomplete Instruction.*—Where an instruction is correct as far as it purports to go, it.cannot be treated as erroneous because of its incompleteness.  *p. 202, 203.*

SAME.— *Incomplete Instruction.*— In order to present any question on appeal as to the action of the court in giving an incomplete instruction, a request should be made that the court give a further instruction supplying the omitted matter, and an exception should be saved to the refusal so to do.  *p. 203.*

EVIDENCE.—*Impeachment.*—Evidence as to statements made by defendant in a deposition to be used in the trial of another cause was competent in contradiction of his testimony.  *pp. 202, 203.*

From the Wells Circuit Court.  *Affirmed.*

*A. N. Martin, W. H. Eichhorn* and *Dailey, Simmons & Dailey,* for appellant.

*C. E. Sturgis* and *A. L. Sharpe,* for appellee.

ROBINSON, J.—Appellee alleged in his complaint that he was duly appointed administrator of the estate of Elizabeth McAfee, deceased; that at the time of her death said decedent was the owner of five promissory notes of $1,000 each, executed by appellant (Jacob McAfee), John McAfee, and Peter McAfee; that said notes were executed on the 27th day of December, 1888, each bearing four per cent. interest, payable annually, and due in five, six, seven, eight and nine years after date; that said notes ever since the death of said decedent have been, and are still, in the possession of appellant; that since appellee's appointment as such administrator, and prior to bringing suit, he has demanded possession of said notes, which appellant has refused to give, but wrongfully detained the same, and by reason thereof he is unable to give a copy of either of said notes, or more particularly describe them.  Wherefore he asks judgment "for the value of said notes, to wit: the sum of $7,000; that defendant be ordered and required to

bring said notes into court and deliver the same to the plaintiff, and for ten per cent. damages in addition, for said unlawful intermeddling and refusal to deliver said notes, and for all other proper relief." A demurrer to the complaint for want of sufficient facts was overruled. The cause was put at issue by the general denial, trial by a jury, which returned the following verdict: "We, the jury, find for the plaintiff, Wendell B. Montgomery, administrator, that at the time of her death, Elizabeth McAfee was the owner of the promissory notes described in the complaint; that plaintiff is entitled to recover said notes, with ten per cent. damages in addition thereto."

The facts stated in the complaint do not state a cause of action against appellant as an executor *de son tort* of the estate of said decedent. It is not alleged that appellant obtained possession of the notes wrongfully. So far as the pleading shows, he has done nothing since the decedent's death but retain possession of the notes, which, presumably, he rightfully had at decedent's death. No facts are alleged showing him to be an intermeddler in any way in the estate of the decedent. Having come into the possession of the notes lawfully, his possession was *prima facie* proof of ownership, and could become wrongful only after refusal to deliver up the possession. The complaint states a cause of action in replevin. A sufficient excuse is pleaded for not describing the property more particularly. If the facts pleaded are true,—and this the demurrer admits,—appellee is entitled to recover possession of the particular property. There was no error in overruling the demurrer to the complaint.

It is argued that the verdict of the jury is defective. The title and right of possession of the notes in controversy were in issue. In such case a general verdict for the plaintiff is a sufficient finding of these

facts. *Van Gundy* v. *Carrigan,* 4 Ind. App. 333, and cases there cited. It is true, the verdict does not find the value of the property; but such omission cannot possibly work appellant any harm, as the judgment was against him. This rule was declared in *Van Gundy* v. *Carrigan, supra.* It is also true that the verdict does not find that the property in question was "unlawfully detained by the defendant." But it has been held that in such a case that portion of the verdict which finds that the property is unlawfully detained by the defendant is unnecessary, and may be treated as surplusage. *Kluse* v. *Sparks,* 10 Ind. App. 444. In that case the court said: "The appellants admitted the detention of the property by denying the appellee's claim of ownership set up in the complaint. The only question as to such detention was whether it was lawful or unlawful, and this question was involved in and decided by the finding that the plaintiff was the owner, and entitled to the possession of the property." See *Payne* v. *June,* 92 Ind. 252. We can but conclude that the verdict was sufficient in form, and that there was no error in overruling the motion for a *venire de novo.*

Upon appellee's motion for judgment on the verdict, the court sustained the motion as to the possession of the property, and denied the motion as to the ten per cent. damages found in the verdict.

It appears from the evidence that in the spring of 1888, Samuel McAfee, the husband of decedent, Elizabeth McAfee, and father of appellant (Jacob McAfee) and John and Peter McAfee and three daughters, was the owner of 160 acres of land in Wells county, Indiana, and also certain personal property. Having disposed of his personal property, and leaving his wife in possession of the farm, Samuel McAfee went to Arkansas. where he purchased real estate

and engaged in business. In the fall or winter of 1888, the three sons visited their father, in Arkansas; and while there an agreement was made whereby the sons were to purchase from the father the farm in Wells county, on which the decedent was then living. Afterwards the three brothers signed the five promissory notes in controversy in this suit, and appellant took the notes and a deed to the land to his father, in Arkansas. The father, Samuel McAfee, executed and acknowledged the deed, and accepted the five promissory notes, but at once wrote his name across the back of each note, and gave them to appellant, who returned home to Indiana, bringing back both the notes and the deed, when the decedent, as the wife of Samuel McAfee, signed and acknowledged the deed which was put on record within a few days. There is evidence that these notes were afterwards in the possession of the decedent, and that she claimed them as her own. The evidence upon this point is very conflicting, but there is evidence that these notes were given to the decedent at the direction of the payee of the notes, who signed his name across the back of the notes, and that they were afterwards given by decedent to appellant for safe keeping. It is true there is much evidence against this; but the jury, and the trial court in passing on the motion for a new trial, have determined where the preponderance lies, and their conclusion, under the long settled rule, binds us. We have carefully considered all the evidence in the case, and there is evidence that the notes in controversy were the property of Elizabeth McAfee, and that she had given them into the possession of appellant for safe keeping, and that appellant had such possession at the time of her death.

Certain assessment lists of the decedent were introduced in evidence over appellant's objection. Such

lists were competent evidence as tending to prove ownership of the property listed. *Painter* v. *Hall,* 75 Ind. 208; *Burket* v. *Pheister,* 114 Ind. 503. An assessment list may be looked to for the purpose of determining what particular personal property a person had on a given date. See *Towns* v. *Smith,* 115 Ind. 480. Such lists are not competent to prove value, but such was not the purpose in the case at bar. *Cincinnati, etc., R. Co.* v. *McDougall,* 108 Ind. 179. One of the questions in issue was whether the decedent had ever owned these notes. The presumption would be, in the absence of countervailing proof, that if the decedent was at one time the owner of the notes, she continued the owner, and was such owner at the time of her death. Moreover, there was evidence that these lists were made at the suggestion of appellant, who is now denying that the decedent ever owned the notes. In its instruction to the jury the court limited the consideration of these lists to the question of the ownership of the notes.

Complaint is made that appellee was permitted to show that appellant had made certain statements out of court, in which he had said that his mother, the decedent, was the owner of the notes in suit, and that soon after his return from Arkansas he had given the notes to his mother because his father had requested it. Appellee called appellant as a witness, and in answer to questions he testified only concerning the demand that had been made upon him by appellee for the possession of the notes, and he also stated that he had been in possession of the notes ever since they were executed. On cross-examination he was asked by his attorney whether the notes were ever in the possession of his mother, and he said they never were. He had been asked nothing about the possession of these notes by his mother in his exam-

ination in chief, but while on the stand he became his own witness as to a material fact in the case. If his mother never had possession of the notes they were never delivered to her, and they never became her property. If he had made statements out of court contrary to this, appellee was entitled to prove such statements. Such statements were not proof that his mother had owned the notes, but were competent as affecting the weight of appellant's evidence upon that point.

The court instructed the jury that if it was shown by the evidence that at one time the decedent was in possession of the notes in question, claiming them as her own, and under circumstances indicating ownership in her, the presumption of law from such facts is that she was at the time the owner of the notes, and this presumption of ownership would follow until it was shown by the evidence that she was not such owner at such time, or had at some time parted with such ownership. There was evidence upon which to base this instruction. The jury was not told that ownership could be presumed from mere possession, but that ownership might be presumed from possession and a claim of ownership under circumstances indicating such ownership; and when such ownership is once shown to exist, it is presumed to continue until the contrary appears. *Kidder* v. *Stevens,* 60 Cal. 414; *Eames* v. *Eames,* 41 N. H. 177; *Spaulding* v. *Sones,* 11 Ind. App. 562. Under the issues formed, the jury might have found that appellee was entitled to the possession of a part only of the notes in question, and an instruction to that effect was not erroneous.

It is argued that instruction number two is erroneous. This instruction was to the effect that a gift is valid in law, provided at the time of such gift the donor has sufficient other means subject to execu-

tion or sale with which to pay his indebtedness. While this instruction is perhaps not as complete as it should be, yet in so far as it goes, it is good. Where an instruction is correct as far as it purports to go, it cannot be treated as erroneous because of its incompleteness. It is only by asking a special instruction covering the omitted matter that a question can be reserved in such case. To present any available question upon an incomplete instruction, the court should be requested to give a further instruction supplying the omitted matter, and an exception should be saved to the refusal to do so. This was not done in this case. *Du Souchet* v. *Dutcher*, 113 Ind. 249; *Cincinnati, etc., R. Co.* v. *Smock*, 133 Ind. 411.

Complaint is also made of the introduction of certain evidence of what was deposed by appellant in his deposition taken on the trial of another case. It appears that, some time prior to the bringing of the present action, certain creditors commenced suit against Samuel McAfee, and appellant was made a garnishee defendant. In that suit appellant's deposition was taken. In that deposition he testified about the ownership and possession of the notes in controversy. As we have already seen, appellant himself testified in the case at bar that his mother never had possession of the notes in suit. Certain witnesses were called, and testified to what they heard appellant testify in his deposition concerning the ownership and possession of the notes. These witnesses testified that appellant deposed in that deposition that the notes belonged to the decedent. Such evidence was competent. He had testified, as we have seen, that his mother never had possession of the notes, and it was competent to show that he had made, out of court, contradictory statements. The suit in which the deposition was taken was com-

promised and the deposition delivered to appellant. An unsuccessful effort was made to have appellant produce that deposition at the present trial. The notary before whom it was taken made a copy, which he testified he had carefully compared with the original. In his testimony he was permitted to refresh his memory as to what appellant had deposed on the subject of the ownership and possession of the notes from this copy. Neither this copy nor the deposition itself was given in evidence. These witnesses simply gave in evidence what they had heard appellant say at a former time about the ownership of the notes. It was not an attempt to have them testify as to the contents of the deposition. Appellant is a party, and, when his counsel had him testify that the notes appellee seeks to recover in this action were never in the possession of the decedent, appellee certainly had the right to show that he had made statements prior to that time contrary to what he now testifies. There was no error in the admission of this evidence.

We have carefully examined every question raised by counsel, and find no error in the record for which the judgment should be reversed. We have nothing to do with the preponderance of the evidence. There is some evidence to support the verdict, and that concludes the appellate tribunal. The instructions given by the court were certainly as favorable to appellant as could be asked. What, if anything, may be due on the notes, is not before us. The only question now is, who is entitled to their possession? From the whole record we can but conclude that the judgment of the trial court should stand. Judgment affirmed.