THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY v. CARLSON.

[No. 3,027. Filed Feb. 15, 1900. Rehearing denied April 27, 1900.]

RAILROADS.—*Injury of Horseman at Crossing.—Complaint.*—A complaint against a railroad company for damages for personal injuries averred that plaintiff, on a dark night, in approaching on horseback, a railway crossing, looked and listened for approaching trains, and, on seeing or hearing none, proceeded to cross; that after partially crossing the main track he discovered that the crossing was blocked by a train on the side-track; that there was no watchman or light at the crossing, and plaintiff did not see the obstruction till the horse suddenly stopped; that before he could turn his horse and go back, defendant ran an engine at a high rate of speed over the main track, without displaying any headlight or giving any signals; that when he first discovered the approaching train he was on the main track, and, his horse becoming frightened and unmanageable, he was unable to escape, though he used every effort to do so, until he was struck by the engine and injured. *Held,* that the complaint stated a good cause of action. *pp. 560-562.*

SAME.—*Contributory Negligence.—Instructions.*—In an action against a railroad company for damages for personal injuries caused by the alleged negligence of such company, the question as to whether the plaintiff was guilty of contributory negligence is a question for the jury, unless it can be said that the appearances which confronted plaintiff would not control differently the conduct of prudent persons in like situation. *pp. 563, 564.*

SAME.—*Instructions.—Proximate Cause.*—If, in an action against a railroad company for damages, an instruction purporting to state the rule of law on the question of proximate cause is incomplete, the error, if any, is cured by an additional instruction, that to entitle the plaintiff to recover, the jury must find that defendant was negligent; that such negligence caused plaintiff's injury; and that plaintiff was not negligent. *pp. 564, 565.*

WITNESSES.—*Impeachment.*—A party cannot impeach his own witness, but he may show that the witness is adverse to him, or that his interest lies with the other party. *p. 565.*

INSTRUCTIONS.—*Use of Wrong Word.—Harmless Error.*—The use of the wrong word in an instruction is not reversible error where it is manifest that such use did not mislead the jury. *p. 565.*

SAME.—*Personal Injuries.—Measure of Damages.*—In an action for damages for personal injuries an instruction authorizing the jury to assess plaintiff's damages in such sum as the evidence shows he was

damaged, and that in so doing they may consider his loss of time, pain, mental anguish, etc., "and all other facts and circumstances bearing on his injuries," is not erroneous, as leaving it to the jury to consider any facts which they may deem to bear on the case. *p. 565.*

ACTION.—*Joinder.*—*Recovery.*—Where a plaintiff seeks damages in one paragraph of complaint for injuries both to person and property, which injuries were occasioned at the same time, and the trial proceeds without objection because of such joinder, a recovery for both of such injuries may be had.   *p. 566.*

From the Porter Circuit Court.    *Affirmed.*

*N. O. Ross* and *G. E. Ross,* for appellant.
*N. L. Agnew* and *D. E. Kelly,* for appellee.

ROBINSON, J.—The complaint avers that at the place in question appellant maintains its main track, and also on the north side, and about six feet distant, a side-track, which are crossed at right angles by a public highway running north and south.   About 9 o'clock on the night of November 19, 1897, appellee, on horseback, was passing north on the highway approaching the crossing.   The night was dark, foggy, and rainy, and appellee was unable to see any distance in front or either side of him.   When at a distance of 200 feet from the main track he looked and listened, both to the east and west, for the approach of engines and trains, and could not see or hear any.   To the west of the crossing, between one-fourth and one-half mile, appellee had a large number of switch lights and lanterns along its track, and, as appellee looked west, he could see no lights except those, nor could he see or hear the approach of any train.   That appellee, carefully looking and listening all the time in both directions and in front, attempted to cross the main and side-tracks, and having passed over the main track, and in attempting to cross the side-track, he discovered for the first time that the side-track was occupied by a freight train of cars which appellant had carelessly and negligently left standing for one hour upon the side-track, coupled together across the highway, so as to

Pittsburgh, etc., R. Co. *v.* Carlson.

completely bar appellee's further progress. That there was no watchman nor light at the crossing nor upon the freight train, nor was any person in charge of the freight train stationed near the crossing to give appellee, or any other person attempting to cross, notice or warning that the highway was blocked, all of which appellant negligently omitted to do. That while he was so upon the main track, and unable to proceed further and leave the same because of the freight train, appellant carelessly and negligently ran an engine, with caboose attached, over the main track from the west toward the east, noiselessly and at a high and unusual rate of speed, fifty miles per hour, without giving any signal of its approach, and negligently failed to sound the whistle or ring the bell on the engine within two miles of the crossing, neglected to display any headlight, negligently permitted the switch lights to burn brightly so as to blind appellee, and prevent him from seeing the approaching engine in time to escape from the track. That when he first discovered the approaching train he was on the main track, and had proceeded so far as to be stopped by the freight train. That before he could turn his horse and go back towards the south he became confused by the near approach of the train, and his horse became frightened and unmanageable, and he could not leave the main track, though he used every effort to do so, and before he could escape from the main track the engine ran against him, producing injuries. That in approaching the track, and while on the same, he all the time looked and listened for trains, but could not see any until it was so close to him that he was unable to escape. That he was deceived and misled by the negligent acts of appellant, in noiselessly running the engine, in obstructing the highway, in having no headlight, in not having a watchman at the crossing to warn appellee that it was obstructed, in omitting to sound the whistle or ring the bell, in so displaying a large number of switch lights, but for all of

which he would not have been misled, and would not have been upon the track and injured.   That all of the wrongs and injuries complained of were sustained without any fault or negligence on appellee's part, but wholly by the negligence and wrongful acts of appellant.

Appellant's motion to make the complaint more specific in several different particulars was overruled.   Some of these are not discussed.   Without repeating the averments of the complaint, we think it shows freedom from fault on appellee's part, and that appellant was negligent, and that this negligence was the proximate cause of the injury.   It was not necessary that appellee should have stated the distance the engine was from him when he first knew of its approach, nor that he should state the method by which he discovered the approach of the train, as required by appellant's motion and argued by its counsel.   Nor was it necessary to state, more fully than can be gathered from the facts pleaded, the length of time he was on the main track before he was struck.   The complaint may perhaps contain some averments that are not necessary, but that does not make it bad.   It is averred that a number of acts were negligently done, and that appellant negligently omitted to do certain acts.   The complaint does not seek redress for an injury received while he was attempting to cross the track, but while attempting to re-cross the track after he learned that the highway was blocked by a train on the side-track.   From the facts averred it is shown that the acts of appellant put appellee in his place of peril, and that he was injured while trying to extricate himself.   When he saw his danger it is not shown that he acted imprudently. Taking the complaint as a whole, we think it states the facts constituting appellee's cause of action in language sufficiently plain and concise, and "in such manner as to enable a person of common understanding to know what is intended."   There was no error in overruling the motion to make the complaint more specific.

It is true that the omission to give the statutory signals is not sufficient of itself to make out a case, but it must also be shown that such omission was the proximate cause of the injury. *Baltimore, etc., R. Co.* v. *Young*, 146 Ind. 374. In the case at bar it is expressly averred "that said injuries were all the result of the said collision, so wrongfully and negligently caused and brought about by the said wrongful acts and negligence of the defendant aforesaid; that all of the said wrongs and injuries were done, committed, and sustained without any fault or negligence on the part of the plaintiff, but wholly by the negligence and wrongful acts of the defendant as aforesaid." In the former part of the complaint it was averred that certain acts were negligently done, and that certain acts were negligently omitted, and by the above averments it is shown that the injury was caused by the acts and omissions there stated. Taking together all the facts pleaded as to what appellee did from the time he approached the crossing until struck, it can not be said that he was guilty of negligence contributing to his injury. The complaint is not open to the objections urged against it, and the demurrer was properly overruled.

Counsel have discussed at length the evidence, claiming that the verdict is not sustained by sufficient evidence. We have read the record and there is evidence to support the verdict. It is true that upon some questions there is a sharp conflict, but we can not weigh the evidence and determine where the preponderance lies. That has been done by the jury and reviewed by the trial court on the motion for a new trial, and with the conclusion thus reached we can not interfere. The answers to certain interrogatories submitted to the jury sustain the general verdict upon the material questions involved.

Complaint is made of the following instructions: (5) "Negligence consists in doing that which a reasonably prudent man would not do under the circumstances, or in omitting to do what a reasonably cautious and prudent

man would do under the circumstances." (6) "The plaintiff can not recover if he is guilty of contributory negligence, and contributory negligence, under the circumstances in this case, consists in doing that which a reasonably prudent man would not do or in omitting to do that which a reasonably prudent man would do under the circumstances." These instructions have reference to the particular circumstances of the case. It is true in some cases the *quantum* of care is prescribed as matter of law. But in many cases it is not. Appellee looked and listened for a train as he approached the crossing, and neither saw nor heard one. It was so dark he could see nothing in front of him. He crossed the main track, when his horse stopped and refused to proceed. He was urging him forward, and presently discovered the road was blocked by a freight train on the side-track. At the same time he saw a train approaching. There was not room for him to remain between the main and side-tracks. An unexpected peril confronted him. Unless we could say that the appearances which then confronted him would not control differently the conduct of prudent persons in a like situation, and that ordinary conduct under such circumstances must necessarily be the same, we can not say that the *quantum* of care is prescribed as matter of law. There might well be an honest difference of opinion among persons of equal intelligence and prudence as to what would be proper conduct under such circumstances, and in such a case the question of negligence is not one of law, but one of fact for the jury. *Chicago, etc., R. Co.* v. *Thomas* (Ind. Sup.), 55 N. E. 861, and cases cited.

The general rule is well settled that a failure to give the statutory signals at public crossings is negligence *per se*, and that to entitle an injured person to recover he must show that such negligence was the proximate cause, without which the injury of which he complains would not have resulted. When all the court's instructions upon this par-

ticular question are taken together, they correctly state the law. Even if one of the instructions given was not sufficiently full on the question of proximate cause, the error, if any, was cured by an instruction given at appellant's request, as follows: "Before you find a verdict for the plaintiff you must find, (1) that the defendant at the time complained of was guilty of negligence; (2) that such negligence, if you find the defendant was guilty thereof, caused the plaintiff to be injured, and, (3) that the plaintiff was guilty of no negligence which contributed to his injury."

A party may not impeach his own witness, but he may show that the witness is adverse to him, or that his interest lies with the other party, and it is not error to instruct the jury to that effect.

No reversible error is committed in using in an instruction the wrong word where it is manifest that such use could not mislead the jury.

The court told the jury: "If you find for the plaintiff, it will be your duty to assess his damages in such sum as you find from the evidence that he is damaged by the injuries received at the time of the accident, and in so doing you may take into consideration his loss of time, his pain, suffering, his mental anguish, and distress, his permanent injuries, if any you find to exist, and all other facts and circumstances bearing upon his injuries, * * *." It can not be said that this instruction leaves it to the jury to consider any facts which they may think bear upon the case. An instruction can not assume the truth of facts in issue between the parties. But this instruction is not open to this objection. Taking the instruction as a whole, we do not see how any juror of average intelligence could fail to understand that he was required to be guided by the evidence. *City of Indianapolis* v. *Scott*, 72 Ind. 196; *Louisville, etc., R. Co.* v. *Falvey*, 104 Ind. 409; *Citizens Street R. Co.* v. *Hoffbauer*, 23 Ind. App. 614.

Some of the instructions requested by appellant and refused were not applicable to the case. The evidence shows, without contradiction, that appellee looked and listened for trains as he approached the crossing, and saw and heard none, and it is clear, from the facts in the case, that if the freight train had not been standing on the side-track across the highway appellee would have passed over safely. On account of the darkness, he did not see the obstruction, nor know of it, until he had passed the main track, and it was while trying to retrace his steps, the only recourse left him, that he was injured. The jury were correctly told the duty of a traveler when approaching a crossing.

The court gave a number of instructions requested by appellant, and taking these, in connection with the others given by the court, the instructions, as a whole, were certainly as favorable to appellant as could be asked. The instructions, as a whole, are a fair and correct statement of the law as applicable to the evidence, and no sufficient reason has been pointed out for disturbing the verdict on this ground. Instructions must be considered as a whole, and when that is done, appellant can not justly complain of the instructions given, nor of the court's refusal to give certain instructions requested.

Appellee was permitted to prove his personal injury, and also the value of his horse which he was riding and which was killed at the time of the accident. The complaint is in one paragraph, and it is argued that both could not be included in the same paragraph of complaint. No motion was made to paragraph the complaint. The demurrer for want of facts did not raise the question. The damages to appellee's person and property arose at the same time. The court had jurisdiction of both. The right of action accrued to the same person at the same time, and under the same circumstances. The principles as to appellant's negligence and appellee's freedom from fault are the same as to each. Upon these questions the evidence would necessarily be

the same. If the complaint should have been paragraphed, in response to a motion to that effect, none was made. See *Shaw* v. *Ayers*, 17 Ind. App. 614. As the parties proceeded to trial upon the complaint, without any valid objection having been made, there was no reversible error in permitting a recovery for injuries to both person and property. In *Jeffersonville, etc., R. Co.* v. *Brevoort*, 30 Ind. 324, cited by appellant's counsel, it was sought to recover, in one paragraph, damages for injuries to animals, some of which were injured at one time and some at another. To the same effect is *Wabash, etc., R. Co.* v. *Rooker*, 90 Ind. 581.

We have examined all the questions argued by counsel, and from the whole record we can but conclude "that the merits of the cause have been fairly tried and determined in the court below." §670 Burns 1894, §658 Horner 1897. Judgment affirmed.