## SHOCKNEY v. MARSH.

[No. 12,076. Filed April 7, 1925. Rehearing denied July 2, 1925.]

1. ATTORNEY AND CLIENT.—*Attorney holding funds of client to be loaned must exercise such care in making loans as reasonably prudent person would.*—An attorney with whom his client has entrusted funds to be loaned is not an insurer of such funds, but he must exercise such care in making loans as a reasonably prudent person would exercise in dealing with trust property. p. 410.

2. BILLS AND NOTES.—*Failure of attorney to exercise reasonable care in placing loans of his client's money held sufficient consideration for note.*—Failure of attorney, with whom client left money to be loaned, to exercise reasonable care in placing loans would constitute sufficient consideration for note to client for amount lost by such want of care. p. 410.

3. APPEAL.—*Erroneous instruction not reversible error where it could not have misled the jury.*—The use of a wrong word in an instruction is not reversible error where it is manifest that it could not have misled the jury. p. 410.

4. APPEAL.—*Incomplete instruction given, how question presented on appeal.*—In order to present any question on appeal as to giving an incomplete instruction, the court must be requested to give an instruction supplying the omitted matter, and an exception saved to the refusal to give it. p. 411.

5. APPEAL.—*Refusal to give instructions covered by instructions given not available error.*—Refusal to give instructions which were fully covered by other instructions given is not available error. p. 411.

From Randolph Circuit Court; *Alonzo L. Bales,* Judge.

Action by Ira Marsh against John A. Shockney. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the first division.

*Shockney & Chattin,* for appellant.

*John W. Macy,* for appellee.

REMY, J.—On November 10, 1919, appellee sold his farm to Wolford and Pepper. Pursuant to the contract of sale, the purchasers executed and delivered to appellee their promissory note for $7,500, due March 1, 1920,

and appellee executed his deed for the land, and placed the same in escrow, to be delivered when the note was paid. Soon after the sale of the land, appellee contracted with other parties for the purchase of other lands; but before the consummation of the sale to Wolford and Pepper, appellee decided that he did not want to carry out his contract for the purchase of the other lands. Anticipating that suit would be instituted against him for a breach of contract, and to prevent the collection of any judgment that might be rendered against him for such breach, appellee entered into an agreement with appellant, an attorney at law, by the terms of which appellee was to, and did, transfer to appellant all of his personal property, including the $7,500 note. As anticipated, appellee was sued on his contract of purchase. To represent him in the suit, and to collect the $7,500 note, appellee employed appellant as his attorney. Through the legal services of appellant, the suit was, on March 3, 1921, compromised and settled, and the $7,500 note collected. It was then agreed by appellant and appellee, that appellant was to retain the $7,500, and in his own name loan the same for appellee; and, at appellee's request, appellant signed and delivered to appellee a promissory note for $7,500, due one year after date, it being agreed that the note was but a memorandum of the amount held by appellant to be loaned for appellee. Appellant loaned $6,000 of the fund to the Ouachita Valley Glass Company, and $1,500 to the Michigan City Ice and Cold Storage Company, taking notes payable to himself. In March, 1922, upon appellee's demand for a settlement, the $6,000 note was by appellant assigned to, and accepted by, appellee; but claiming that the security on the Michigan City Ice and Cold Storage Company note was inadequate, appellee refused to accept that note. On October 23, 1922, the note of the Michigan City Ice and Cold Stor-

age Company not having been paid, appellant gave to appellee his promissory note for $1,500, due one year after date, and appellee surrendered to appellant the $7,500 memorandum note. The $1,500 note of October 23, 1922, was not paid when due, and this action was commenced by appellee to enforce collection. To the complaint, appellant filed an answer in three paragraphs: (1) Denial; (2) want of consideration; and, (3) want of consideration, pleading in detail the various transactions between the parties as above stated. Appellant also filed what he denominated a cross-complaint, to recover for services alleged to have been rendered for appellee in the action against appellee for breach of contract to purchase land. A trial resulted in a verdict and judgment for $1,300.

The only error assigned is the action of the court in overruling motion for new trial. The reasons for a new trial presented for review are that the verdict is not sustained by sufficient evidence, and that the court erred in the giving of certain instructions.

It is urged by appellant that, under the evidence, the note sued on is shown to have been executed without consideration. It appears from the record that the evidence without conflict establishes the facts as hereinabove set forth. The only material conflict in other evidence submitted is as to certain facts connected with the execution of the note in suit. On the trial, it was appellant's theory that in making the loan to the Michigan City Ice and Cold Storage Company, he acted in entire good faith, and exercised due care, and that the note in suit was executed merely as a renewal, to that extent, of the $7,500 memorandum note of March 3, 1921. As a witness in his own behalf, appellant testified to facts tending to support his theory. On the other hand, it was the theory of appellee that appellant in making the loan had not exercised due care, and that

the note sued on was given to appellee in settlement of the trust, and was, and was intended to be, an unconditional promissory note. In support of appellee's theory, competent evidence was adduced at the trial. On the controverted issue of fact, the jury by its verdict found for appellee.

While appellant was not an insurer of the *corpus* of the trust funds held by him, it was his duty in dealing with the funds to exercise such care as a reasonably prudent person would exercise in dealing with trust property. *Indiana Trust Co.* v. *Griffith* (1911), 176 Ind. 643, 95 N. E. 573, 44 L. R. A. (N. S.) 896, Ann. Cas. 1914A 1023; *Dickinson, Appellant* (1889), 152 Mass. 184, 25 N. E. 99, 9 L. R. A. 279. If appellant, in dealing with the funds held by him in trust for appellee, failed to exercise the care of a reasonably prudent person in dealing with trust property, as the jury by its verdict found, this failure was a sufficient consideration to support the note.

By the court's instruction No. 6, the members of the jury were told that if they found from the evidence that the execution of the note in suit was "in settlement of any and all demands plaintiff might have against defendant for the $1,500 previously intrusted to or loaned to him by plaintiff, and that the plaintiff accepted said note as such settlement, then said note is supported by a consideration." Appellant claims that this instruction was misleading and erroneous because of the use therein of the words "or loaned," when there was no evidence that the money was held by appellant as a loan. In as much as the evidence, without conflict, shows that all the money placed with appellant was held by him to be loaned as trustee, the words complained of were improperly used in the instruction, but, under the circumstances, this inadvertent use could not have misled the jury. See

*Pittsburgh, etc., R. Co.* v. *Carlson* (1900), 24 Ind. App. 559, 56 N. E. 251.

In the other instructions complained of, we find no misstatements of law, though, in some instances, a fuller statement of the law might with propriety have been made. It is well settled that in order to present any question on appeal as to the action of the trial court in giving an incomplete instruction, a request should be made that the court give a further instruction supplying the omitted matter, and an exception saved to the refusal so to do. *McAfee* v. *Montgomery, Admr.* (1898), 21 Ind. App. 196, 51 N. E. 957; *Citizens' St. R. Co.* v. *Albright* (1895), 14 Ind. App. 433, 42 N. E. 238.

Instructions tendered by appellant, and refused, were fully covered by instructions given by the court on its own motion.

Affirmed.