Filed December 21, 1892.

———————— ◆ ————————

No. 16,014.

<table>
<tr><td>133</td><td>265</td></tr>
<tr><td>137</td><td>12</td></tr>
<tr><td>133</td><td>265</td></tr>
<tr><td>140</td><td>659</td></tr>
</table>

THE LOUISVILLE, EVANSVILLE & ST. LOUIS CONSOLIDATED RAILROAD COMPANY ET AL. *v.* UTZ, ADMINISTRATOR.

PLEADING.—*Complaint.*—*Sufficiency of.*—*Railroad.*—*Damages.*—*Knowledge of Defect.*—Where a complaint for damages by the administrator of a deceased brakeman did not allege that the company, in whose service he met death, had knowledge of or had the means of knowing of the defect which caused his death, the complaint, notwithstanding such omission, was sufficient.

RAILROAD.—*Employe.*—*Violation of Company's Rule.*—*Negligence.*—*Injury.*—Where a railroad company has a rule requiring of its employes to frequently examine the brakes, couplings and running gear of cars in their train and know that they are in good order, a failure to comply with such rule, if known to the employes, will constitute negligence on their part.

SAME.—*Consolidation.*—*Substitution of in Suit for Company Consolidated.*—

*Rights of Substituted Defendant.*—Where an action is commenced against a railroad company, and pending the suit such company consolidates with other companies, and the consolidated company is substituted as defendant, the substituted defendant has the right to treat the pleadings filed by the original defendant as its own, and to avail itself of the rulings made, and exceptions reserved by the original defendant prior to the substitution.

EMPLOYER AND EMPLOYE.—*Employer's Duty to Furnish Safe Appliances.— Charged with Knowledge of Deterioration.—Railroad.—Damages.*—It is the duty of the master to furnish reasonably safe appliances for the use of his employes, and he is charged with knowledge of the tendency of such appliances to deteriorate and wear out, and his duty to keep constant supervision over them, and to use ordinary care to maintain them in a safe condition, is a continuing one.

SAME.—*Employe.—Rules and Customs of Company.—Compliance with.*—When a servant, as a railroad employe, conducts himself in accordance with the rules and customs of his occupation as required by his employer, the mere fact that he attempts a hazardous act will not make him guilty of negligence.

INSTRUCTION TO JURY.—*On an Assumed Fact in Issue.—When Not Error.*— Where the fact of employment is in issue, but such fact is admitted by the opposite party and testified to by a large number of witnesses on both sides, it is not error for the court to instruct the jury that the decedent was, when killed, in the employ of the defendant as a brakeman.

From the Floyd Circuit Court.

*A. Dowling,* for appellants.

*M. W. Funk, C. L. Jewett* and *H. E. Jewett,* for appellee.

McBRIDE, J.—The appellee, as administrator of the estate of William P. Wood, deceased, sued to recover damages for the death of his intestate, who was killed while serving the appellant as a brakeman. This appeal is from a judgment awarding him damages. Three questions only are discussed, viz.: The sufficiency of the complaint, the sufficiency of the evidence, and the correctness of an instruction given.

So much of the complaint as is necessary to present the question argued is as follows: " On the 15th day of June, 1888, the said William P. Woods was engaged as such brakeman upon a moving freight train of defendant, run-

ning upon said line of railroad, near the station named Mentor, and while attempting to pass from the top of one car to another in the performance of his duty, the iron pin in the coupling of said cars suddenly broke and the coupling parted, and said cars suddenly separated, by reason of which said William P. Woods was precipitated with great violence from the top of said train to the track below, between the separated parts of said train, and was, by the rear part of said train, run over, wounded, crushed and killed.

"The plaintiff avers that the iron coupling-pin, which broke as aforesaid, was so worn by long use, and so weak, rusted and cracked as to be insecure and unsafe to use as a coupling-pin, and that the breaking and separation of the cars aforesaid, and the injury and death of said William P. Woods, were caused solely by the fault and negligence of the defendant in not providing a safe and suitable coupling-pin for the coupling of said cars; that said William P. Woods had no knowledge or notice of the unsafe or dangerous condition of the said coupling-pin, nor was the injury or death of said William P. Woods caused by any fault or negligence on his part, but solely by the negligence of the defendants as aforesaid."

The specific objection urged against the complaint is that "it fails to allege that the company knew, or had the means or opportunity of knowing, that the coupling-pin was defective."

The appellee contends that the question is not properly in the record, and that, even conceding that the complaint is defective, the appellant is not entitled to avail itself of any error that may have been committed by the trial court in overruling a demurrer to it. The suit was originally commenced against the Louisville, Evansville & St. Louis Railroad Company. That company appeared, demurred to the complaint, and the demurrer was overruled. The then defendant reserved an exception to this ruling. Sub-

sequently it was properly shown to the court that that company, with certain other corporations, had been consolidated under the name of the Louisville, Evansville & St. Louis Consolidated Railroad Company, and the consolidated company was thereupon substituted as defendant. The appellee contends that the substituted defendant could not avail itself of any error that may have been committed in ruling on this demurrer. That if it wished to test the sufficiency of the complaint it should, after its substitution, have filed a demurrer, obtained a new ruling and reserved an exception.

By the act of consolidation, the several companies ceased to exist as separate entities. Their rights and franchises were merged in the new corporation, which thus succeeded to their several rights and liabilities. The consolidated company was rightfully substituted as the defendant, because it thus stood as the only representative of the former defendant, and was, in legal contemplation, itself that defendant, as it was also each of the other corporations uniting to form it. *Indianapolis, etc., R. R. Co.* v. *Jones*, 29 Ind. 465; *Paine* v. *Lake Erie, etc., R. R. Co.*, 31 Ind. 283; *Jeffersonville, etc., R. R. Co.* v. *Hendricks*, 41 Ind. 48–59; *Cashman* v. *Brownlee*, 128 Ind. 266; *Louisville, etc., R. R. Co.* v. *Summers*, 30 N. E. Rep. 873.

It had the right to treat pleadings filed by the original defendant as its own, and to avail itself of all rulings made and of all exceptions reserved by such original defendant prior to the substitution, as fully as the original defendant might have done if there had been no substitution.

The objection to the complaint, however, is without sufficient foundation. Judged by the precedents in this State, its averments are sufficient.

The duty of the master to furnish reasonably safe appliances for use by his employes has been so often affirmed that no citation of authorities is necessary. Not only is it

his duty to furnish appliances reasonably safe for their use, but he is charged with knowledge of the tendency of such appliances to deteriorate with time and to wear out with use. His duty is a continuing one, and requires him to keep constant supervision over such appliances and to exercise at least ordinary care to maintain them in such condition as will make their use safe. Neglect of this duty, whereby appliances become unsafe, is actionable, and the derelict master must respond in damages to those injured by reason thereof, who are themselves without fault.

It is the master's duty to know the condition of appliances furnished to and used by his employes, if such knowledge can be acquired by the exercise of ordinary care on his part, and it is sufficient in a complaint to recover for an alleged neglect of this duty by the master to charge that he had negligently furnished the defective appliance in question, or that he negligently failed to furnish safe and suitable appliances, etc.

In the recent case of the *Ohio, etc., R. W. Co.* v. *Pearcy,* 128 Ind. 197, as well as in several cases there cited and reviewed, this is affirmed as a rule of pleading in such cases. In the case last above cited, the precise question was involved, and it was there decided (page 205) that the affirmative averment that the employer actually knew of the defective and dangerous condition of the appliance was not necessary.

It is insisted that the evidence shows contributory negligence on the part of the decedent, and is for that reason insufficient to sustain the verdict.

Certain rules for the government of the employes of the appellant were put in evidence, providing, among other things, that "Conductors and brakemen must examine the brakes and couplings and running gear of cars in their train frequently, and know that they are in good order." It was also shown by the evidence that the decedent was an experienced railroad man. Counsel argue that this rule

made of each brakeman an inspector of the appliances named, and that if he performed his duty in this respect, he could not fail to discover a defect of the character of that which it is alleged caused the injury; that if he failed to discover it, it was because of his own negligence in failing to discharge the duty thus imposed.

It is not necessary for us to consider the effect of this rule, if known to the employe. It is enough to say that the evidence failed to show that the decedent knew of the existence of the rule. The rules and regulations of the employer must be known to the employe, before they will bind him. Am. and Eng. Encycl. of Law, vol. 14, page 908; *Covey* v. *Hannibal, etc., R. R. Co.,* 27 Mo. App. Rep. 170; *Atchison, etc., R. R. Co.* v. *Plunkett,* 25 Kan. 188; 2 Am. and Eng. R. R. Cas. 127.

It is also insisted that the evidence showed negligence on the part of the decedent, because it appeared that he was walking on the top of the train when he lost his life; and it is also shown that the train was running at a high rate of speed at the time. The evidence showed that his duties as a brakeman, as prescribed by the rules and usages of his employer, the appellant, required him to spend a portion of his time on the top of the train. The evidence also tended to show that when killed he was in the act of carrying an order from the rear end of the train to the engineer, in obedience to the direction of the conductor, or that he had just discharged that duty. This being true, he was rightfully on the top of the train at the time.

The appellant insists that the court erred in assuming, in its instruction to the jury, that the decedent was, when killed, in the employ of the appellant as a brakeman. This was not error. While it is true that the fact of such employment was put in issue, with other material facts, by the pleadings, there was no actual controversy over it. The appellant, in answering interrogations filed by the appellee with the pleadings, admitted it, while the fact was also tes-

tified to by a large number of witnesses on both sides, and was nowhere contradicted by the evidence.   The court was fully justified in assuming the existence of this fact.   We find no error in the record.

Judgment affirmed.

Filed December 22, 1892.