Filed Dec. 20, 1893.

---

No. 909.

## HINDMAN *v.* TIMME.

PLEADING.—*Complaint.*—*Negligence.*—*General Allegations Sufficient.*— In an action based on tort, negligence may be alleged in general terms without setting forth the specific acts constituting the same.

SAME.—*Indefiniteness.*—*Remedy for.*—The usual remedy for indefiniteness in pleading is by motion to make more specific.

VARIANCE.—*Immaterial.*—*Pleading and Proof.*—Where an allegation in

Hindman *v.* Timme.

the complaint was that plaintiff was injured while "attempting to drive them [his horses] and pass" the object, and the proof was that plaintiff was injured while attempting to "lead" his horses past the object after failing to drive them by, there was at most an immaterial variance which would be deemed cured by sections 391 and 392, R. S. 1881.

INSTRUCTIONS TO JURY.—*Joint Assignment.*—*When Unavailable.*— An assignment of error, which questions the sufficiency of instructions jointly and not severally, can avail nothing, unless all the instructions thus assigned are erroneous.

SAME.—*Incomplete Instruction.*—*Remedy.*—If an instruction is correct as far as it goes, the party who desires a more complete and fuller statement of the law must ask for it, and thus only can error be ordinarily predicated upon the action of the court.

SAME.—*Not Signed by Party or Attorneys.*—*Refusal not Error.*—It is not error to refuse instructions which are not signed by a party or his attorneys.

SAME.—*Assuming Fact to be True.*—It is not error to assume an issuable fact as true in an instruction, if the fact be uncontroverted.

CONTRIBUTORY NEGLIGENCE.—*Mixed Question of Law and Fact.*—*Province of Jury.*—As to whether a party is guilty of contributory negligence in attempting to lead his horses past an object in the highway, at which they had taken fright, and so attempting was injured, is a mixed question of law and fact, the determination of which properly rests with the jury.

NEGLIGENCE.—*Leaving Sick and Disabled Cow in Highway.*—*Injury from Fright of Horses.*—In an action for damages for personal injury by reason of plaintiff's horses taking fright at defendant's dead cow in the highway, defendant's negligence was sufficiently established when shown that he left the sick and disabled cow in the highway, having good reason to believe that she would die and was liable to frighten the horses of passers-by, whether he knew, previous to the accident, that the cow had died.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellant.

*W. L. Slinkard* and *D. W. Crockett,* for appellee.

GAVIN, J.—As appellee was traveling along a public highway his horses became frightened at a dead cow lying in the highway. Being unable to drive them by, he undertook to lead them past, but, by reason of their

fright, they ran away, and he was injured by being thrown against a wire fence.

He brought suit against appellant for negligently leaving the cow in the road, and recovered damages.

The complaint was tested by demurrer, which was overruled to the first and third paragraphs, with proper exceptions.

When fairly construed, the allegations of the first paragraph show that the body of his dead cow was, by appellant, carelessly and negligently left lying in a public highway, whereby appellee's horses became frightened and ran away and caused the injuries complained of, while appellee was traveling on said highway, and, in the exercise of proper care and diligence, was "attempting to drive them and pass the said object."

While the allegations as to appellant's negligence are made in general terms, the complaint is not thereby rendered insufficient on demurrer. On the contrary, it has long been recognized as the rule in Indiana that the general allegation that an act was negligently done is sufficient without setting forth in detail the specific acts constituting the negligence. *Louisville, etc., R. W. Co.* v. *Berkey*, 35 N. E. Rep. 3.

We do not find, in their essential features, any material difference between the two paragraphs. Upon the ground that it is indefinite, objection is made to one of the allegations of the third paragraph. The usual remedy for such a defect is by motion to make more specific. *American Wire Nail Co.* v. *Connelly*, 8 Ind. App. 398, 35 N. E. Rep. 721, and cases cited therein.

Furthermore, the allegation itself was a needless one, the matter covered by it being included in the general allegation.

There was no error in overruling the demurrer.

An examination of the evidence convinces us that there was sufficient evidence to sustain the verdict.

While it does not show that appellant knew that the cow was dead before the accident, there was sufficient to authorize the jury to find that he left the sick and disabled cow in the highway, where he had good reason to believe that it would die and was liable to frighten the horses of passers-by, as did actually occur. While he did not know that the results which occurred would happen, he had good reason to expect them.

That appellee was injured while attempting to lead his horses past the body, after failing to drive them by, instead of while "attempting to drive them and pass" it, as alleged in the complaint, would be at the most an immaterial variance and not a failure of proof, and would be deemed cured by the provisions of sections 391 and 392, R. S. 1881. *Steinke* v. *Bentley*, 6 Ind. App. 663, 34 N. E. Rep. 97; *Bristol Hydraulic Co.* v. *Boyer*, 67 Ind. 236.

Under the facts of this case, the question of the negligence of the appellee, in attempting to lead his horses past the body, was essentially one for the determination of the jury, and with their determination we do not feel justified in interfering.

One cause assigned for new trial is that the court erred in giving "instructions 6 and 7 of its own motion." As contended by counsel for appellee, this assignment questions the sufficiency of these instructions jointly and not severally. To sustain the motion upon this ground both must be bad. *Devay* v. *Dunlap*, 7 Ind. App. 690, 35 N. E. Rep. 195; *Ohio, etc., R. W. Co.* v. *McCartney*, 121 Ind. 385; *Wallace* v. *Exchange Bank*, 126 Ind. 265; *Rees* v. *Blackwell*, 6 Ind. App. 506, 33 N. E. Rep. 988.

The only objection presented to the 6th instruction is that it authorizes a recovery upon proof that appellee

was injured while attempting to "lead" instead of drive his horses. What we have heretofore said shows this objection to be untenable.

The only criticism offered to the seventh is that it assumes that appellant had a dead cow in the highway. If this be granted, the fact was uncontroverted. No harm could possibly result from the courts assuming such a fact to be true. *Louisville, etc., R. R. Co.* v. *Utz, Admr.*, 133 Ind. 265.

That the court erred in giving "instructions 1, 2, 3, 4 and 5 asked by plaintiff," is another cause for new trial. Like the preceding cause, this also questions the sufficiency of all these instructions jointly, and not of each one separately. All the instructions must be overthrown to sustain the assignment.

Instruction No. 1 states that "where negligence is one of the issues in a case, in order for the plaintiff to recover, he must use ordinary care," and then proceeds to give a definition of ordinary care. This instruction counsel assert to be erroneous "because it does not take into consideration any of the elements of negligence and the recovery therefor, except that the plaintiff must use ordinary care."

Did the instruction undertake to tell the jury all that was necessary to enable the plaintiff to recover, then the contention of counsel would be correct. *Kentucky, etc., Co.* v. *Eastman*, 7 Ind. App. 514, 34 N. E. Rep. 835; *Jackson School Township* v. *Shera*, 35 N. E. Rep. 842.

But the instruction does not do this. It simply informs the jury as to one element of his right to recover, and that this is an essential one. That it is indeed an essential element is not and can not be gainsaid. It is settled that when an instruction is correct as far as it goes, the party who desires a more complete and fuller statement of the law must ask for it, and thus only can

any error be ordinarily predicated upon the action of the court. Elliott's App. Proced., sections 647 and 736; *Western Union Tel. Co.* v. *Buskirk*, 107 Ind. 549.

The objection to the third instruction is not well taken.

No objection whatever is made to the fifth instruction. Thus there are three instructions out of the five to which no well founded objection is presented. The cause for new trial is, therefore, not sustained.

The last reason for a new trial argued in this court is that the court erred in refusing · certain instructions asked by the appellant. These instructions do not appear, from the record, to have been signed by the appellant or his attorneys. This being true, appellee must be sustained in his contention that there was no error in refusing them. *Darnell* v. *Sallee*, 7 Ind. App. 581, 34 N. E. Rep. 1020; *State, ex rel.*, v. *Sutton*, 99 Ind. 300; *Board, etc.*, v. *Legg, Admr.*, 110 Ind. 479; Thornton on Juries, section 159.

We have considered all the questions presented to us by counsel, and find no available error.

Judgment affirmed.

Filed Dec. 20 1893.