## TOWN OF SELLERSBURG v. FORD.

[No. 5,812.    Filed November 15, 1906.]

1. PLEADING.—*Complaint.—Negligence.—Municipal Corporations. —Defective Sidewalks.*—A complaint showing that a town constructed a sidewalk seven inches above the ground and negligently failed to provide any guards therefor or place any signal thereby, by reason of which plaintiff stepped off of same in the night, receiving injuries, states a cause of action for negligence.   p. 96.

Town of Sellersburg *v.* Ford—39 Ind. App. 94.

2. PLEADING. — *Complaint.—Municipal Corporations.—Defective Sidewalks.*—A complaint showing that defendant town ·constructed a sidewalk seven inches above the ground, leaving it without barrier or signal, sufficiently shows that it was dangerous to plaintiff in traveling over it in the night. p. 97.

3. MUNICIPAL CORPORATIONS.—*Sidewalks.—Negligence.*—A town is liable to a person using due care for injuries caused by its construction of a sidewalk seven inches above the ground, and by its negligent failure to provide barriers or signals for the protection of pedestrians. p. 98.

4. NEGLIGENCE.—*Contributory.—Question for Jury.—Municipal Corporations.*—Whether plaintiff was guilty of contributory negligence in walking in the night along a sidewalk constructed seven inches above the ground and provided with no barriers or signal lights, without notice of such danger, is a question for the jury. p. 98.

5. TRIAL.—*Instructions.—Damages.—Limiting to Evidence.*—It is not reversible error to instruct the jury that if they find for plaintiff they should assess her damages in any amount they deem proper, where in another instruction they were expressly limited to the evidence in the case. p. 99.

6. SAME.—*Instructions.—Assuming Facts.*—In giving instructions, it is not error for the courts to assume undisputed facts as established. p. 99.

7. DAMAGES.—*Excessive.*—A verdict for $450 for plaintiff, fifty years old, crippled permanently, one leg shortened one and one-half inches by the injury sued for, confined to her bed eight months, suffering great pain and paying out $100 for medical services, does not indicate any unfairness, prejudice or passion against the town by whose negligence the injuries were caused. p. 100.

8. TRIAL.—*Instructions.—Contributory Negligence.—Burden of Proof.—Evidence.*—An instruction that contributory negligence is a defense to be proved by defendant, but that all of the evidence should be considered on such question, is correct. p. 100.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Margaret Ford against the Town of Sellersburg. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*M. Z. Stannard* and *Lutz & Zollman,* for appellant.

*George H. Voigt,* for appellee.

COMSTOCK, P. J.—Appellee, plaintiff below, recovered judgment against appellant, a municipal corporation, for $450, for injuries sustained in falling from a sidewalk. Appellant relies for reversal upon the action of the trial court in overruling its demurrers for want of facts to the first and second paragraphs, respectively, of the complaint, and in overruling its motion for a new trial.

The objection made to said first paragraph is that it contains no averment that the injuries complained of were the result of the negligence alleged. Said paragraph 1. alleges that at the time and for many years prior to the time of the grievances complained of there was a public street, open to the public for travel, in said town called Albany street, and that more than a year before plaintiff received her injury defendant had constructed near the southwest line of said street a granitoid sidewalk, six feet in width, and at an elevation of seven inches above the ground, abutting on the west line of said street, at the place where plaintiff received said injury; that at the place where plaintiff received her said injury, and for a distance of thirty-five feet, defendant had, for more than two weeks before plaintiff received said injury, negligently failed and neglected to place any guard or other structure along said sidewalk for the protection of pedestrians walking along the same, etc.; that there was, during all of the time said sidewalk was without any guard or other structure to protect pedestrians as aforesaid, no light at the place where plaintiff received said injury, and pedestrians walking along said sidewalk at said place at night could not see that said sidewalk was elevated above the surface of the ground as aforesaid, and a guard or other structure along the west line of said sidewalk, at the place where plaintiff received said injury, was necessary to guard pedestrians walking along the same at night time, and prevent them from stepping and falling down from the same

to the ground abutting thereon, all of which said defendant then and there well knew, or by the exercise of reasonable care could have known; that on the night of September 9, as averred, plaintiff was walking along and on said sidewalk in a careful and prudent manner, and as she reached said place where the same was left unguarded, as aforesaid, she stepped off and fell down to the ground, and as the result of said fall broke the bone of her left thigh and received other injuries; that it was dark at the time plaintiff was walking along said sidewalk, and there was no light at the place where she was injured, and she could not see that said sidewalk was elevated nor that said line of said sidewalk was unguarded, and she did not then and there, nor did she at any time prior to receiving said injuries, know that said sidewalk was elevated as aforesaid, nor did she know that the same was unguarded; "that if said west line of said sidewalk had been provided with a guard or other structure to prevent pedestrians from stepping and falling down from said sidewalk, said plaintiff would not have stepped down and fallen, as aforesaid; and said fall and resulting injuries were caused solely by the carelessness and negligence of said defendant in failing to provide said west line of said sidewalk with such guard or other structure as aforesaid." The averment, we think, is sufficiently direct to meet the objection.

As to the second paragraph, appellant states that "in the absence of an averment that the sidewalk was dangerous, the second paragraph of complaint was insufficient, notwithstanding the averments as to omission of barriers and railing." While there is no direct charge that the sidewalk was dangerous, the facts averred show that it was. We find no error in the ruling on demurrers.

Appellant's first proposition in reference to the overruling of its motion for a new trial is that a verdict which

rests on an insufficient complaint is contrary to law. In holding the complaint good, we have disposed of this proposition.

The second objection is that the evidence fails to show that appellant was guilty of negligence, and shows affirmatively that appellee was guilty of contributory

3. negligence. The evidence shows that appellee was injured while walking on one of the principal streets of the town, traveled frequently in the night-time as well as by day. The town had constructed a sidewalk about six feet in width. At the place where the injury occurred it was seven to nine inches above the ground. The fences along the line had been readjusted so as to form a barrier along the west line of the sidewalk. This had not been done in front of the place where appellee was injured. As an additional element of danger, the evidence shows there was a maple tree in the east side of the sidewalk at the place where appellant fell, leaving the pavement but a little over four feet wide. The shadows of trees darkened the pavement, and there was a total absence of light of any kind. This condition existed for some months before appellee was injured. The town marshal and three trustees lived in the vicinity and knew the condition of the street. The appellee had never been in Sellersburg before. She had never seen the sidewalk where she fell. She walked carefully. There was no light of any kind. There were large trees, with leaves, which caused a shadow on the sidewalk, and made it darker than where there were no trees. The limbs of the trees, and especially the one she fell under, were low, and this made it especially dark there. Along the side of the tree the pavement was narrower. It was built around the tree.

From these facts the jury might reasonably find negligence on the part of the appellant, and that the appellee was not guilty of contributory negli-

4. gence. City of Vincennes v. Spees (1905), 35 Ind. App. 389.

It is claimed that instruction six, given at appellee's request, without limiting the jury to the evidence, erroneously authorized the assessment of appellee's damages in any amount they deemed proper. The instruction is as follows: "If you find for the plaintiff, you will assess her damages in any amount you deem proper, not exceeding $5,000; and in estimating such damages you may consider the physical and mental pain she has suffered and may continue to suffer. You may also consider the extent of plaintiff's injury, and if you find that the use of one of her legs is impaired, you may also consider the fact that she is deprived of the pleasure and satisfaction in life that only those can enjoy who are possessed of the free use of all the members of the body. You may further consider the impairment of her ability, either past or future, to perform her household duties, and the expense she has incurred for physician's services, and allow such damages as will reasonably and justly compensate the plaintiff for her injuries." Appellant cites *Chicago, etc., R. Co.* v. *Thrasher* (1905), 35 Ind. App. 58. In a subsequent instruction the court said: "In arriving at a verdict in this case, you are to do so on the whole evidence and testimony in the case." In the case above referred to, the court held the instruction erroneous because there was nowhere in the instruction any express reference to what the jury might find from the evidence. The court said: "There was no other instruction relating to the assessment of damages," so that, standing alone, it was erroneous. So too, in this case, the instruction alone would be erroneous, but all the instructions must be considered.

The further objection is made that the instruction assumes the existence of certain disputed facts; that appellee had suffered physical and mental pain; that there was an impairment of her ability, past and future, to perform her household duties. There was no conflict in the evidence as to appellee's injury, her physical

or mental pain, or the impairment of her ability, either past or future, to perform her household duties. It was, therefore, not error to assume their existence. *Terre Haute Electric Co.* v. *Kiely* (1905), 35 Ind. App. 180; *Hunt* v. *Connor* (1901), 26 Ind. App. 41.

Was the appellant injured by the instruction? Certainly not, unless the jury was influenced thereby to render a larger verdict than it would have rendered under a proper instruction. The evidence shows that appellee was fifty years old, crippled permanently, with a limb one and one-half inches shorter than it was before the injury; that she was confined to her bed eight months; that she endured much pain; that she is still suffering and requires medical attention; that she is unable to perform her household duties, being able to go about with difficulty, and has been required to pay a physician's bill of $100, and other expenses made necessary by her condition. We do not find the amount of damages assessed indicative of unfairness, prejudice, or passion. The question must be answered in the negative.

Instruction ten, given by the court of its own motion, is objected to. It reads: "By contributory negligence is meant negligence of the plaintiff contributing to the injury complained of. Contributory negligence is a defense, and if it is shown by the evidence to exist, the plaintiff cannot recover. The burden of proving contributory negligence is on the defendant, but it may arise in the whole evidence." The instruction is correct. The act of 1899 (Acts 1899, p. 58, §359a Burns 1901) puts the burden of proving contributory negligence on the defendant. *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690. However, the record fails to disclose that appellee was guilty of contributory negligence.

Judgment affirmed.