# GRAND TRUNK WESTERN RAILWAY COMPANY v. HODSDEN.

[No. 7,955.    Filed May 15, 1913.    Rehearing denied
October 10, 1913.]

1. APPEAL.—*Assignment of Errors.—Waiver.*—An assignment of error not discussed or referred to in appellant's brief under "points and authorities," or in the argument, is waived. p. 178.

2. APPEAL.—*Review.—Instructions.—Consideration as a Whole.*— In an action for damages to plaintiff's land by fire caused by defendant's negligence, an instruction on the measure of damages, that if the finding is for plaintiff the verdict should be for the difference in the market value of the land before and after the fire, is not open to the objection that it authorized the assessment of any sum as damages regardless of whether damages were proven, especially when considered with other instructions informing the jury that to entitle plaintiff to recover he must prove the material allegations of the complaint by a fair preponderance of the evidence. p. 178.

3. APPEAL.—*Review.—Harmless Error.—Instructions.—Assumption of Fact.*—Where the evidence was such that the plaintiff's freedom from contributory negligence was a necessary inference

therefrom, error, if any, on the part of the trial court, in stating at the close of the instructions that it had not instructed on contributory negligence because doubtful whether there was any question of contributory negligence in the case, was harmless.* pp. 179, 180.

4. RAILROADS.— *Damage from Fire.— Contributory Negligence.— Instructions.*—In an action against a railroad company for damages caused by fire, an instruction in which the court stated that it had not instructed on contributory negligence because doubtful whether there was any question of contributory negligence in the case, cannot be considered as being in conflict with the rule that in such cases the plaintiff has the burden of pleading and proving his freedom from contributory negligence, especially when considered with other instructions stating that plaintiff must prove the material allegations of the complaint, which contained the allegation that the injuries were caused without any fault or negligence on plaintiff's part. p. 179.

5. TRIAL.—*Instructions.—Assumption of Fact.*—Where the evidence is not disputed and only one inference is deducible therefrom, the court may assume the existence of such fact in its instructions. p. 181.

6. RAILROADS.— *Damage from Fire.— Contributory Negligence.— Mitigation of Damages.*—Any omission of effort by plaintiff to put out fire, after he discovered it on his land, is a matter of defense in mitigation of the damages, and does not affect the question of whether he was guilty of negligence contributing to the cause of the fire or its escape onto his land. p. 181.

7. APPEAL.—*Review.—Instructions.—Failure to Request.*—Where the court at the close of the instructions expressed doubt as to whether there was any question of contributory negligence in the case, and expressed a willingness to instruct on that subject if such instruction were requested, appellant's failure to request such instruction must be deemed as tending to show acquiescence in the view expressed by the court. p. 181.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Stephen P. Hodsden against the Grand Trunk Western Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Grant Crumpacker, Wm. Daly* and *G. W. Kretzinger,* for appellant.

*D. E. Kelly* and *Walter J. Fabing,* for appellee.

HOTTEL, J.—Appellee filed in the court below a complaint in five paragraphs, in each of which he sought to recover damages on account of injury to his lands resulting from a fire alleged to have been caused by appellant's negligence. A demurrer to each of these paragraphs was overruled. A trial by jury resulted in a verdict for appellee in the sum of $625. Appellant filed a motion for new trial which was overruled and thereupon judgment was rendered on the verdict for appellee. For the purposes of the questions presented by the appeal, it will be sufficient to indicate in a general way the scope and theory of the several paragraphs of complaint. They all, except the fifth paragraph, charge in substance that appellant is a railway corporation and operates a line of railroad through Porter County; that appellee owns a tract of real estate along said railway and during the fall of 1908, appellant carelessly and negligently suffered dry grass and weeds and combustible matter to grow and accumulate and to be and remain on its right of way, and carelessly and negligently set fire to such combustible matter and carelessly and negligently permitted said fire to escape to the appellee's said lands; that appellee's lands were muck lands, the soil of which consisted largely of decomposed vegetable matter and when dry was susceptible of being burned; that by reason of said fire, said lands were ignited and the vegetation thereon burned and the lands consumed to a depth varying from six inches to two feet, to appellee's damages in the sum of $700. The fifth paragraph differs from the others in that it charges that appellant was guilty of negligence in allowing its engine to become and remain out of repair by reason whereof it emitted large coals of fire and sparks which were cast on appellee's lands causing the same to ignite and burn.

Appellant has assigned as error in this court, (1) the overruling of its demurrer to each separate paragraph of appellee's amended complaint and, (2) that the court erred

in overruling appellant's motion for new trial. The
first error is not discussed or referred to under ap-
pellant's points and authorities or in its argument
and is therefore waived.

The motion for new trial contains several grounds, but
only those relating to the giving of instructions Nos. 2 and
6, respectively, and the sufficiency of the evidence to
sustain the verdict, are presented or argued. In-
struction No. 2 is as follows: "The damages, if plain-
tiff recover any in this case, is the difference between the
commercial value of the land immediately before the fire
and what it was worth afterwards. And the commercial
value of the land is the fair, cash, market value of the land
in the community. So in case you find for the plaintiff,
you will first find the value of the land before the fire, then
find out the fair, cash, market value of the land after the
fire, and the difference, of course, will be your verdict, or
the damages in this case." Appellant introduced several
witnesses who testified in effect that they had owned or
farmed marsh land of the character of that owned by ap-
pellee which is alleged to have been burned and had farmed
or had seen such land farmed after it was burned, and that
it produced better crops after it had been burned than
before; that the burning of such land benefited it. It is
contended by appellant that such instruction authorized the
jury to assess as damages whatever amount it found repre-
sented the difference in value of the land before and after
it had been fired, even though such difference in value rep-
resented a benefit rather than damages. The instruction
authorized such assessment of damages in case only that the
jury should find for the appellee. Other instructions told
the jury that to entitle appellee to recover he "must prove
the material allegations of his complaint by a fair prepon-
derance of the evidence," so that the instruction complained
of when read in connection with the other instructions, did
not authorize the assessment of any sum as damages unless

damages were proven.   While its wording may be open to
some criticism, we feel sure that its meaning could not have
been misunderstood by the jury, and that its giving fur-
nishes no ground for reversible error.

Instruction No. 6 objected to, is as follows:   "The two
forms of verdict which I will submit to you, one of which
reads:  'We, the jury, find for the plaintiff and
assess his damages in the sum of blank dollars,' you
will sign by your foreman, filling in the amount of
recovery in case, of course, you find for the plaintiff.   The
other form of verdict:  'We, the jury, find for the defend-
ant,' you will sign in case you find for the defendant.   I
haven't instructed regarding the matter of contributory neg-
ligence.   I will do so, however, if parties desire.   I have
been somewhat doubtful whether there is any question of
contributory negligence in the case, so I haven't instructed
regarding it.   As I said, I think of nothing else that is
necessary for the court to instruct the jury upon, and so
you may retire."   Objections are urged to the closing para-
graph of this instruction.   This seems to have been a re-
mark or statement made at the close of the instruction, and
directed and intended for counsel in the case rather than as
a guide to the jury in its deliberations on its verdict, but
the record brings it to this court as an instruction and hence
it must be so treated.   It is true, as appellant con-
tends, that in cases of this character, the burden is
on appellee to allege and prove his freedom from con-
tributory negligence.   *Wabash, etc., R. Co.* v. *Johnson* (1884),
96 Ind. 40; *Louisville, etc., R. Co.* v. *Porter* (1896), 16 Ind.
App. 266, 44 N. E. 1112; *Wabash R. Co.* v. *Miller* (1897),
18 Ind. App. 549, 48 N. E. 663; *Cleveland, etc., R. Co.* v.
*Hadley* (1894), 12 Ind. App. 516, 40 N. E. 760; *Tien* v.
*Louisville, etc., R. Co.* (1895), 15 Ind. App. 304, 44 N. E.
45.   We do not understand that the court by the instruc-
tion complained of, intended to express any doubt as to such
rule being applicable in this kind of a case.   On the con-

trary, the court in another instruction, expressly told the jury that the burden was on appellee to prove the material allegations of his complaint. In each of the five paragraphs, appellee alleged that all of his injuries complained of, were caused without any fault or negligence on his part. It is apparent from the record that neither appellee nor the court had any doubt but that the burden was on appellee to show that he was free from any fault or negligence contributing to the injury sued for. An examination of the record

3. convinces us that the statement complained of in the instruction was induced by the evidence. This evidence shows that a fire was started on appellant's right of way by cinders from one of its locomotives. This fire was first seen about noon. According to appellee's statement there was a wind blowing thirty-eight miles an hour. Appellee got to the fire about three o'clock and after it had spread over his land and set fire to all of it. He then traced the fire back to where he thought it had its origin on appellant's right of way and where he found a "scoop full of cinders which seemed to be fresh." The only evidence on the subject of the origin of the fire was such as tended to show that it was started by cinders from one of appellant's locomotives. But one inference could arise from such evidence affecting the question of appellee's contributory negligence, viz., that his negligence in no wise contributed to the origin of the fire. The evidence as to the character of the wind and weather and the rapidity with which the fire spread and the time of appellee's arrival at the place of the fire, made it equally impossible for the jury to have drawn any inference as to appellee's being guilty of contributory negligence in permitting the fire to escape onto his lands, other than that he was free from such negligence. Appellant has not directed our attention to any affirmative evidence tending to show contributory negligence on appellee's part, and in view of the evidence above indicated, and the necessary inference to be drawn therefrom, we are con-

vinced that no reversible error resulted from the giving of the instruction complained of. We are supported in this conclusion by the following authorities: *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 546, 37 N. E. 343; *Louisville, etc., R. Co.* v. *Snyder* (1888), 117 Ind. 435, 20 N. E. 284, 10 Am. St. 60; *Bedford, etc., R. Co.* v. *Rainbolt* (1884), 99 Ind. 551; *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74, 98, 56 N. E. 434. Where the evidence is not

5. disputed and where but one inference is deducible therefrom, it is not error for the court to assume as proven the fact as shown thereby. *Louisville, etc., R. Co.* v. *Utz* (1892), 133 Ind. 265, 270, 271, 32 N. E. 881; *Town of Sellersburg* v. *Ford* (1906), 39 Ind. App. 94, 99, 100, 79 N. E. 220; *Baltimore, etc., R. Co.* v. *Keiser* (1912), 51 Ind. App. 58, 94 N. E. 330, 335. The most that the evidence

6. can be said to show or fail to show is that it is not shown what efforts the appellee made to put out the fire *after he discovered it on his own land.* If appellee was guilty of any act of omission or commission that *increased* his damage, this was a matter of defense in mitigation of damages, and did not affect the question of his being guilty of negligence contributing to the *cause of the fire or its escape onto his land. Terre Haute, etc., R. Co.* v. *Sheeks, supra,* 98, 99; *City of Goshen* v. *England* (1889), 119 Ind. 368, 21 N. E. 977.

It appears from the record that the only instructions given in the case were those given by the court on its own motion. None were tendered or asked by appellant. The in-

7. struction complained of was an invitation to both appellant and appellee either to tender or request the court to give an instruction on the subject of contributory negligence, and expressed a willingness on the part of the court to give such instruction if either party so desired. Appellant's failure to ask or tender such instruction when its attention was directed thereto by the court strongly tends to show that it then acquiesced in the view expressed by

the court.   We think it affirmatively appears from the record that appellant was not prejudiced by the instruction complained of and hence no reversible error resulted from its being given.   Lastly it is insisted that the evidence fails to show appellee free from contributory negligence.   What we have said in our discussion of instruction No. 6 renders unnecessary a discussion of this ground of the motion.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 834.   See, also, under (2) 38 Cyc. 1778; (4) 33 Cyc. 1398; (5) 38 Cyc. 1667; (6) 33 Cyc. 1346; (7) 38 Cyc. 1693.   As to liability of railroad for fires, see 38 Am. Dec. 70; 78 Am. Dec. 185; 6 Am. Rep. 597; 42 Am. St. 538.