DUGAN v. STATE OF INDIANA.

[No. 23,326.    Filed January 8, 1918.]

1. CRIMINAL LAW.—*Instructions.*—*Requests.*—The refusal of a requested instruction that was fully covered by instructions given presents no just reason for complaint. p. 34.

2. CRIMINAL LAW.—*Appeal.*—*Harmless Error.*—*Instructions.*— In a prosecution under §8351 Burns 1914, Acts 1907 p. 689, an instruction that the jury, before it could convict the defendant, must find that he kept, owned and operated a place and that "someone" at that place sold, bartered or gave away liquor unlawfully, though subject to technical objection, was not prejudicial error under evidence showing that the word "someone" could apply only to employes of the place. p. 34.

3. INTOXICATING LIQUORS. — *Unlawful Sale.* — *Keeping Place.*— The gravamen of the offense defined by §8351 Burns 1914, Acts 1907 p. 689, is the keeping, running and operating of a place where liquor is sold unlawfully; and where the evidence shows that the defendant, a proprietor of a licensed saloon, received profits from liquor sold in a separate room in violation of the act with knowledge of the conditions under which it was sold, there can be no application of the rule announced in *Boos* v. *State,* 181 Ind. 562—that to support the conviction there must be a showing that the sale was made by the defendant in person or that it was made with his express or implied authority,— since such rule is based on a statute that makes the sale the gravamen of the offense defined. p. 35.

4. CRIMINAL LAW. — *Harmless Error.* — *Instructions Assuming Facts.*—Although an instruction may be subject to criticism for assuming certain facts, it does not present reversible error if the assumed facts are admitted or established by undisputed evidence; nor does such an instruction present reversible error where, as in this case, the evidence is of such a nature that the jury would undoubtedly have found the assumed facts under a proper instruction. p. 36.

From Marion Criminal Court (46332) ; *H. C. Austill,* Special Judge.

Prosecution by the State of Indiana against Michael Dugan. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Eph Inman, J. T. Markey* and *Edwin Steers*, for appellant.

*Ele Stansbury*, Attorney-General, *Alva J. Rucker, Elmer E. Hastings* and *Dale F. Stansbury*, for the state.

LAIRY, J.—Appellant was convicted in the trial court on an indictment charging him with having unlawfully kept, run and operated a place where intoxicating liquors were bartered, sold and given away in violation of §1 of an act in force March 16, 1907. Acts 1907 p. 689, §8351 Burns 1914. The overruling of appellant's motion for a new trial is the only error assigned, and the only errors presented by the briefs relate to the action of the trial court in giving instructions to the jury, alleged to be erroneous, and in refusing to give instruction No. 1 tendered by appellant.

As shown by the evidence, appellant held a license for the sale of intoxicating liquor for a room located on the first floor of a building in Indianapolis, Indiana, known as the Plaza Hotel, and he operated a bar in the room covered by the license. On the top floor of the building was a cafe and roof garden. Appellant rented the room in which the bar was operated and also the cafe and roof-garden rooms paying as rent therefor $200 a month. The evidence of appellant himself shows that intoxicating liquors procured at his bar were served and consumed with his knowledge and consent in the cafe conducted on the roof garden. -

The theory of the state is that appellant was keeping, running and operating the place designated as the Plaza Cafe and Roof Garden on December 23, 1916, and that intoxicating liquors were sold there in violation of law. The theory of the defendant is that no intoxicating liquors were sold in the cafe, but that they were sold in the licensed barroom of appellant to waiters from the

cafe, who came to the barroom with money of the pa-
trons of the cafe and purchased such liquors as the
agent of such patrons to be served to them in the cafe.

Under the evidence, the jury was required to deter-
mine whether the waiters sold and delivered the liquor
in the cafe as the agents of appellant, collecting the
money in advance for appellant, or whether they pur-
chased the liquor at the licensed bar of appellant as the·
agents of patrons of the cafe with money furnished by
patrons for that purpose. The decision was adverse to
appellant. The issue of fact thus presented was fully
and fairly submitted to the jury by the court under
instructions Nos. 9, 10, and 11. Appellant has
no just reason to complain of the refusal of the
court to give instruction No. 1 tendered by him
on the same subject, for the reason that it was fully cov-
ered by the instructions to which reference has been
made.

Complaint is made of that part of instruction No. 5
in which the jury was told that before it could find
the defendant guilty it must find beyond a reason-
able doubt that he kept, owned and operated a
place, and that "someone" at that place sold,
bartered or gave away intoxicating liquors in violation
of law. It is asserted that the word "someone" is too
general in its import, being broad enough to include a
stranger having no connection with the place who might
carry a flask of intoxicating liquor into the place and
while there give it to a friend. The instruction may
be subject to the technical objection urged, but it is not
at all likely that the jury so understood it. There was
no evidence that any one other than the waiters em-
ployed in the cafe handled any intoxicating liquor in the
place, but the evidence shows that if any sales were
made there they were made by the waiters. By the
word "someone," as used in the instruction, the court

meant some one employed in connection with the place— some one of the waiters. The jury, no doubt understood the instruction as the court meant it, and under the evidence it could not have applied the word "someone" to any person other than those employed in the opera- tion of the place. Under the evidence the error of which appellant complains could not have been prejudi- cial.

Appellant's testimony shows that he paid the rent for the roof garden where the cafe was operated, and that he permitted the chef to use the kitchen and serve meals in the cafe receiving no rent from the kitchen and no part of the profits on the food served. He states in his evidence that the only income he received from the place was the rent for the checkroom and the profits on the drinks served in the cafe; that he instructed the waiters repeatedly to always collect pay in advance for drinks to be served in the roof garden, and that he posted notices in the cafe requesting patrons to pay in advance for drinks ordered. It is apparent from this evidence that appellant received the profits from the sale of the liquor which was served in the roof garden and that he furnished it having full knowledge of the condi- tions under which it was to be served. In the case of *Boos* v. *State* (1913), 181 Ind. 562, 105 N. E. 117, it was held that the proprietor of a licensed saloon could not be convicted of selling liquor to a minor unless it is shown that the sale was made by the pro- prietor in person or that it was made with his express or implied authority, and that proof of such a sale made by the bartender in the absence of the proprietor with- out his knowledge or express or implied authority is not sufficient to sustain a conviction. The case under con- sideration and those cited to sustain it were decided under statutes which make the sale the gravamen of the offense. *Hanson* v. *State* (1873), 43 Ind. 550; *O'Leary*

v. *State* (1873), 44 Ind. 91; *Thompson* v. *State* (1874), 45 Ind. 495. The gravamen of the offense defined in the statute under which appellant was convicted is keeping, running and operating a place where intoxicating liquors are permitted to be sold contrary to law. The rule announced in *Boos* v. *State, supra,* has no application to a case such as this. *Rigrish* v. *State* (1912), 178 Ind. 470, 99 N. E. 786.

The sixth instruction is criticized on the ground that it assumes that appellant visited the place and was present in and about it, and that he exercised supervision and control over the place and persons employed therein. The instruction is open to the criticism made against it, but, in view of the evidence, the court does not regard the error as one for which the case should be reversed. Appellant testified that he visited the place, that he had the room decorated with holly, that he employed the musicians and cabaret singer, that he frequently gave instructions to the waiters about collecting in advance for liquors served there, and that he placed cards in the room requesting patrons to make payment in advance for liquors served in the cafe. It has been frequently held that it is not error to assume in an instruction facts which are admitted or which are established by undisputed evidence. *Louisville, etc., R. Co.* v. *Utz, Admr.* (1892), 133 Ind. 265, 270, 32 N. E. 881; *Hindman* v. *Timme* (1893), 8 Ind. App. 416, 420, 35 N. E. 1046; *Grand Trunk, etc., R. Co.* v. *Hodsden* (1913), 54 Ind. App. 175, 181, 101 N. E. 834. If there be any question as to the facts assumed by the instruction being admitted or proved by undisputed evidence, still it may be safely said that the evidence on the subject is of such a nature that the jury undoubtedly would have found the assumed facts under a proper instruction.

A careful examination of the other instructions given

over appellant's objections discloses no reversible error in any of them.   Judgment affirmed.

NOTE.—Reported in 118 N. E. 307.   Intoxicating liquors: (a) criminal liability for violation of law by partner, servant, agent, etc., 41 L. R. A. 660, 16 L. R. A. (N. S.) 786, 20 L. R. A. (N. S.) 321, 33 L. R. A. (N. S.) 419; (b) place of sale, 44 L. R. A. (N. S.) 435.   See under (2) 12 Cyc 928.